**Kimberly J. COLEMAN, Appellant,**

v.

**Mark WOOLF, M.D., Appellee.**

No. 2–03–075–CV.

Court of Appeals of Texas, Fort Worth.

Feb. 5, 2004.

Knouse & Knouse, John P. Knouse, Dallas, for Appellant.

Blaies & Hightower, L.L.P., Grant D. Blaies, Jennifer H. Litke, Fort Worth, for Appellee.

Panel B: DAUPHINOT, WALKER, and McCOY, JJ.

## OPINION

SUE WALKER, Justice.

### I. Introduction

The primary issues we decide in this no-evidence summary judgment appeal are: (1) whether a plaintiff may use an article 4590i, section 13.01 expert report as summary judgment evidence; and (2) whether, if the statute prohibits the use of such a report as summary judgment evidence, the result of attaching such a report to a summary judgment response is a defect of form or a defect of substance. Because the plain language of the statute prohibits use of an article 4590i, section 13.01 expert report "in a deposition, trial, or other proceeding," we hold that it may not be used as summary judgment evidence. *See* Act of May 18, 1995, 75th Leg., R.S., ch. 140, § 1, sec. 13.01(k)(2), 1995 Tex. Gen. Laws 985, 986, *repealed by* Act of June 1, 2003, 78th Leg., R.S., ch. 204, § 10.09, 2003 Tex. Gen. Laws 847, 884 (formerly set forth in Tex.Rev.Civ. Stat. Ann. art. 4590i, § 13.01(k)(2), current version at Tex. Civ. Prac. & Rem.Code Ann. § 74.351(j)(2) (Vernon Supp.2004)).[1] We also hold that use of an article 4590i, section 13.01 expert report as summary judgment evidence constitutes a defect of form. Accordingly, we will affirm the trial court's no-evidence summary judgment.

### II. Factual Background

Dr. Woolf filed a rule 166a(i) no-evidence motion for summary judgment asserting that Coleman had no evidence of the standard of care or that any deviation from the standard of care proximately caused her injuries because she had failed to timely designate any expert on these matters. Coleman filed a response to Dr. Woolf's motion for summary judgment. Coleman's response relies upon: the affidavit of Dr. Kimberly K. Mezera, Coleman's subsequent medical care provider, and Dr. Mezera's attached medical records; Coleman's affidavit; and Coleman's pleadings. Dr. Woolf objected to Coleman's summary judgment evidence, pointing out that Dr. Mezera's affidavit was the very same affidavit filed by Coleman to satisfy article 4590i's expert report requirement. Dr. Woolf claimed that article 4590i, section 13.01(k)(2) precludes use of a 4590i expert report in a summary judgment proceeding.

The trial court conducted a summary judgment hearing and later signed a no-evidence summary judgment for Dr. Woolf. The trial court subsequently signed an order sustaining Dr. Woolf's objection to Dr. Mezera's affidavit on the ground that it could not be used as summary judgment evidence.

### III. Grounds For No-Evidence Summary Judgment

In her first issue, Coleman contends that the trial court erroneously granted

---

1. Although the 78th Legislature repealed article 4590i, it also enacted Texas Civil Practice and Remedies Code section 74.351, setting forth expert report requirements in health care liability claims. Tex. Civ Prac. & Rem. Code Ann. § 74.351. Subsection (k)(2) of section 74.351 contains the same restriction on the use of expert reports that was previously set forth in article 4590i, section 13.01(k)(2). *Id.* § 74.351(k)(2). The Legislature has, however, cured the problem presented in this case by also enacting civil practice and remedies code section 74.351(t) which provides that

"[i]f an expert report is used by the claimant in the course of the action for any purpose other than to meet the service requirement of Subsection (a), the restrictions imposed by Subsection (k) on use of the expert report by any party are waived." *Id.* § 74.351(t).

Although repealed, article 4590i remains in effect for application to suits filed before September 1, 2003, such as this one. *See* Act of June 11, 2003, 78th Leg., R.S., ch. 204, § 23.02(a), (b), 2003 Tex. Gen. Laws 847, 898–99.

summary judgment for Dr. Woolf because, contrary to the ground asserted in Dr. Woolf's motion, Dr. Mezera was timely designated as an expert witness. Relying on *McConnell v. Southside Indep. Sch. Dist.*, 858 S.W.2d 337, 341 (Tex.1993), Coleman points out that summary judgment may be granted only on a ground specifically raised in the motion. She characterizes Dr. Woolf's no-evidence summary judgment motion as raising only the issue of the alleged untimely designation of Dr. Mezera and contends that, because the trial court granted summary judgment on another ground—no evidence of the elements of Coleman's medical negligence claim—the trial court's summary judgment violates *McConnell's* holding. We cannot agree.

Dr. Woolf's no-evidence motion states that no evidence exists of the standard of care or that any deviation from the standard of care proximately caused Coleman's injuries *because* Coleman failed to timely designate any expert on these matters. When Dr. Woolf filed his no-evidence motion for summary judgment contending that no evidence existed of the standard of care, breach, and proximate cause, Coleman was required to come forward with summary judgment evidence raising a genuine issue of material fact on each of these elements of her medical negligence claim. *See, e.g., Patriacca v. Frost*, 98 S.W.3d 303, 306 (Tex.App.-Houston [1st Dist.] 2003, no pet.); *Gen. Mills Rests., Inc. v. Tex. Wings, Inc.*, 12 S.W.3d 827, 832 (Tex.App.-Dallas 2000, no pet.). Proof that Coleman did, in fact, timely designate experts does not constitute evidence of any of the challenged elements of Coleman's medical negligence claim. *Accord Patriacca*, 98 S.W.3d at 306–07. Because Dr. Woolf moved for a no-evidence summary judgment on the grounds that no evidence of the elements of a medical negligence claim existed, we overrule Coleman's first issue complaining that the no-evidence summary judgment was granted on a ground not raised in the motion.

## IV. OBJECTIONS AND OPPORTUNITY TO CURE

■ In her second issue, Coleman contends that the trial court abused its discretion by sustaining Dr. Woolf's objections to Dr. Mezera's affidavit. It is undisputed that Dr. Mezera's affidavit, attached to Coleman's summary judgment response, is the same affidavit prepared by Dr. Mezera and previously filed by Coleman as an article 4590i, section 13.01 expert report. Article 4590i, section 13.01 provides that "[n]otwithstanding any other law, an expert report filed under this section ... shall not be used in a deposition, trial, or other proceeding." Act of May 18, 1995, 75th Leg., R.S., ch. 140, § 1, sec. 13.01(k)(2), 1995 Tex. Gen. Laws 985, 986 (repealed 2003). We must determine whether this statutory provision prohibits use of an article 4590i, section 13.01 expert report as summary judgment evidence. Statutory interpretation is a question of law. *In re Canales*, 52 S.W.3d 698, 701 (Tex.2001) (orig.proceeding). Our primary goal is to ascertain and effectuate the legislature's intent. *Bragg v. Edwards Aquifer Auth.*, 71 S.W.3d 729, 734 (Tex.2002). In doing so, we begin with the statute's plain language because we assume that the legislature tried to say what it meant and, thus, that its words are the surest guide to its intent. *Fitzgerald v. Advanced Spine Fixation Sys., Inc.*, 996 S.W.2d 864, 865–66 (Tex.1999).

The statutory language used here—that an expert report "shall not be used in a deposition, trial, or other proceeding"—clearly and plainly prohibits use of an article 4590i expert report as summary judgment evidence. *See* Act of May 18, 1995, 75th Leg., R.S., ch. 140, § 1, sec. 13.01(k)(2), 1995 Tex. Gen. Laws 985, 986

(repealed 2003); *see also Patriacca,* 98 S.W.3d at 307 (holding that an article 4590i, section 13.01 expert report could not be used as summary judgment evidence); *Trusty v. Strayhorn,* 87 S.W.3d 756, 762 (Tex.App.-Texarkana 2002, no pet.) (same); *Keeton v. Carrasco,* 53 S.W.3d 13, 24–25 (Tex.App.-San Antonio 2001, pet. denied) (recognizing that use of an expert report filed under article 4590i, section 13.01 is prohibited); *Garcia v. Willman,* 4 S.W.3d 307, 311 (Tex.App.-Corpus Christi 1999, no pet.) (holding that an article 4590i, section 13.01 expert report could not be used as summary judgment evidence); *see also Green v. Cypress Fairbanks Med. Ctr. Hosp.,* No. 04–01–00434–CV, 2003 WL 475846, at *1 (Tex.App.-San Antonio Feb. 26, 2003, no pet.) (mem. op.). Thus, we hold that an expert report filed under article 4590i, section 13.01 may not be used in a summary judgment proceeding. Consequently, we hold that the trial court properly sustained Dr. Woolf's objection to Dr. Mezera's report.

■ Coleman also complains that, pursuant to Texas Rule of Civil Procedure 166a(f), the trial court should have given her an opportunity to cure the alleged defect in Dr. Mezera's affidavit, that is, the defect that the affidavit was originally filed as a 4590i, section 13.01 expert report. *See* TEX.R. CIV. P. 166a(f) (providing that "[d]efects in the form of affidavits or attachments will not be grounds for reversal unless specifically pointed out by objection by an opposing party with opportunity, but refusal, to amend"). A defect is substantive if the summary judgment proof is incompetent; it is formal if the summary judgment proof is competent, but inadmissible. *Trusty,* 87 S.W.3d at 764 (citing *Keeton,* 53 S.W.3d at 24); *Mathis v. Bocell,* 982 S.W.2d 52, 60 (Tex.App.-Houston [1st Dist.] 1998, no pet.); *see also* TIMOTHY

PATTON, SUMMARY JUDGMENTS IN TEXAS, § 6.10[1][b] (2nd ed.2002).

The appellate courts that have addressed whether a plaintiff's improper use of an article 4590i, section 13.01 expert report as summary judgment evidence constitutes a defect of form or a defect of substance, have all concluded that this defect is a formal one. *Trusty,* 87 S.W.3d at 764 (characterizing expert report used in summary judgment proceeding as constituting a defect of form that must be objected to); *Keeton,* 53 S.W.3d at 24 (holding expert report used in summary judgment proceeding contained a defect of form); *Garcia,* 4 S.W.3d at 311 (same). The *Keeton* court explained:

[An article 4590i, section 13.01 expert report] is competent evidence that section 13.01(k) renders inadmissible; therefore, it contains a defect in form. If Greenfield's alternative assertion were correct, an expert who provides the report used by the plaintiff to comply with section 13.01 could never provide the content of that report in another form for use in opposition to a summary judgment. Section 13.01(k) only prohibits the use of the "expert report" filed under section 13.01. Section 13.01(k) does not prohibit the expert who provides that report from providing another report for other purposes.

53 S.W.3d at 24–25. We likewise hold that an objection to an affidavit asserting only that the affidavit may not be used as summary judgment evidence because it was previously used as an article 4590i, section 13.01 expert report raises a defect of form. *See Trusty,* 87 S.W.3d at 764; *Keeton,* 53 S.W.3d at 24–25; *Garcia,* 4 S.W.3d at 309–11.

■ We next address whether Coleman was entitled to an opportunity to amend Dr. Mezera's affidavit. Dr. Woolf filed his

objections to Dr. Mezera's affidavit four days before the scheduled summary judgment hearing. Coleman did not file a response to the objections or move for a continuance of the hearing. The summary judgment hearing proceeded on the scheduled date, and at the conclusion of the hearing the trial court took the motion under advisement. Approximately two weeks after the hearing, the trial court signed an order granting summary judgment to Dr. Woolf. Approximately two weeks after that, the trial court signed an order sustaining Dr. Wolf's objection to Dr. Mezera's affidavit on the ground that it could not be used as summary judgment evidence because it had already been filed as an article 4590i, section 13.01 expert report.

In *Trusty*, the defendant failed to obtain a ruling on his objection to the plaintiff's expert's affidavit, which the defendant alleged was the same report previously filed as an article 4590i, section 13.01 expert report. 87 S.W.3d at 764. Because the defendant's objection raised a defect of form that the defendant did not get a ruling on, the appellate court held that the objection was waived. *Id.*

In *Keeton*, the defendant failed to object to the summary judgment use of an article 4590i, section 13.01 expert report until the day of the summary judgment hearing. 53 S.W.3d at 22. At the summary judgment hearing, the plaintiffs tendered an amended expert affidavit to the trial court, but the trial court denied them leave to file the amended report. *Id.* Plaintiffs then moved for a seven-day continuance of the summary judgment hearing, but the trial court denied that too and granted summary judgment for the defendant. *Id.* The appellate court reversed, holding that the trial court should have given the plaintiffs the opportunity they requested to amend their expert's affidavit. *Id.* at 23.

In *Garcia*, the defendant filed his objections to the plaintiff's summary judgment use of her expert's report the day before the summary judgment hearing. 4 S.W.3d at 311. The plaintiff sought either a continuance of the hearing or leave to file another expert affidavit. *Id.* The trial court denied the plaintiff's request and granted summary judgment for the defendant. *Id.* at 309–10. The appellate court cited its decision in *Wyatt v. McGregor*,[2] and reversed, holding that the trial court should have given the plaintiff the opportunity to amend the affidavit after she requested it. *Id.*

In *Green*, the defendant hospital filed a no-evidence summary judgment motion, and the plaintiff filed a response and attached her article 4590i, section 13.01 expert report as her only summary judgment evidence. 2003 WL 475846, at *1. The Hospital objected to the plaintiff's use of the expert report as summary judgment evidence and contended that article 4590i, section 13.01(k) precluded such use. *Id.* The trial court sustained the Hospital's objections to the expert report, struck the report, and granted summary judgment

**2.** 855 S.W.2d 5, 17–18 (Tex.App.-Corpus Christi 1993, writ denied) (op. on reh'g). In *Wyatt*, at the summary judgment hearing the defendants objected that the plaintiff's affidavits were defective because they stated the affiants' competency as a conclusion rather than by stating that both were over eighteen, had never been convicted of a crime, and possessed personal knowledge of the facts stated. *Id.* at 17. The plaintiff did not have the opportunity to amend the affidavits before the trial court granted summary judgment. *Id.* The plaintiff subsequently filed a motion for reconsideration, tendered amended affidavits, and requested leave to file the amended affidavits. *Id.* The trial court denied all relief, but the appellate court reversed, holding that the plaintiff should have been provided with the requested opportunity to cure the defective affidavits. *Id.* at 17–18.

for the Hospital. *Id.* On appeal, the plaintiff contended the trial court erred by failing to afford her the opportunity to amend her defective summary judgment evidence. *Id.* at *2. The court of appeals noted that the plaintiff "had more than three weeks in which to file additional evidence—from January 16, 2001, the date on which the Hospital's objections were filed, until February 19, 2001, the date on which the summary judgment was signed." *Id.* The court pointed out that "[a]t no point during this period did [the plaintiff] seek leave to file additional summary judgment evidence." *Id.* Accordingly, the court of appeals rejected the plaintiff's contention that the trial court erred by refusing to grant her leave to amend the defective summary judgment evidence and affirmed the no-evidence summary judgment in favor of the Hospital.

■ Generally, we may not rule on a complaint not presented to the trial court. Tex.R.App. P. 33.1(a). As a prerequisite to presenting a complaint for appellate review, the record must show that the complaint was made to the trial court by a timely request, objection, or motion. *Id.* When a summary judgment movant objects to summary judgment evidence proffered by the nonmovant, the burden lies upon the nonmovant to request relief under rule 166a(f), including a continuance or the opportunity to cure any formal defects in the nonmovant's summary judgment evidence. *See Trusty,* 87 S.W.3d at 763–64 (holding that if objections are made to the nonmovant's summary judgment evidence, the nonmovant must seek an opportunity to amend its summary judgment proof); *see also Eckmann v. Des Rosiers,* 940 S.W.2d 394, 400 (Tex.App.-Austin 1997, no pet.) (same); *Webster v. Allstate Ins. Co.,* 833 S.W.2d 747, 750 (Tex.App.-Houston [14th Dist.] 1992, no writ) (same).

In each of the cases relied upon by Coleman in support of her argument that the trial court erred by not allowing her the opportunity to amend Dr. Mezera's report, the plaintiff took some action in the trial court requesting the opportunity to cure summary judgment evidence defects. *See Trusty,* 87 S.W.3d at 764; *Keeton,* 53 S.W.3d at 24; *Garcia,* 4 S.W.3d at 309–11. Here, Coleman took no action in the trial court to indicate that she desired the opportunity to correct any defects in Dr. Mezera's affidavit. She did not request or file a motion for continuance; she did not tender an amended affidavit or seek leave to file an amended affidavit during the two weeks that the trial court had Dr. Woolf's motion for summary judgment under advisement. Coleman never made a timely request, objection, or motion seeking the opportunity to cure the defect in Dr. Mezera's affidavit. *See* Tex.R.App. P. 33.1(a). Consequently, in the absence of such a request, we will not hold that the trial court erred by failing to grant the unrequested relief of providing Coleman with the opportunity to cure the defect in Dr. Mezera's affidavit. *See Trusty,* 87 S.W.3d at 763–64; *Eckmann,* 940 S.W.2d at 400; *Webster,* 833 S.W.2d at 750; *accord Green,* 2003 WL 475846, at *2. We overrule Coleman's second issue.

## V. Conclusion

Having overruled Coleman's issues, we affirm the trial court's judgment.