TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-04-00711-CV






Cherrie Cunningham, Individually and as Next Friend

of Troy Conaster, Appellant


v.


Columbia/St. David's Healthcare System, L.P.

d/b/a South Austin Hospital, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 353RD JUDICIAL DISTRICT

NO. GN301759, HONORABLE MARGARET A. COOPER, JUDGE PRESIDING





O P I N I O N



 Cherrie Cunningham, individually and as the next friend of her late father, Troy
Conaster, filed suit against appellant Columbia/St. David's Healthcare System, L.P., ("Columbia")
on May 29, 2003, alleging that the hospital's medical negligence caused her father's death. (1) The trial
court granted a no-evidence summary judgment in favor of Columbia, dismissing each of
Cunningham's medical malpractice claims. She now appeals, urging that (1) although her expert
was not timely designated, the trial court should have considered the expert's affidavit as summary
judgment evidence and (2) alternatively, the trial court should have granted her motion for
continuance. We will affirm. (2)


DISCUSSION

 A defendant moving for summary judgment under Rule 166a(i) must establish that
"after adequate time for discovery . . . there is no evidence of one or more essential elements of a
claim or defense on which an adverse party would have the burden of proof at trial." Tex. R. Civ.
P. 166a(i); Fort Worth Osteopathic Hosp., Inc. v. Reese, 148 S.W.3d 94, 98 (Tex. 2004). The
plaintiff then carries the burden to put forth enough probative evidence to raise a genuine issue of
material fact on each of the challenged elements. Johnson v. Brewer & Pritchard, P.C., 73 S.W.3d
193, 207 (Tex. 2002).

 To preclude summary judgment in a medical malpractice case, the plaintiff must offer
expert testimony on the essential elements of its claim, including the standard of care, breach, and
causation. American Transitional Care Ctrs., Inc. v. Palacios, 46 S.W.3d 873, 876 (Tex. 2001);
Shelton v. Sargent, 144 S.W.3d 113, 124 (Tex. App.--Fort Worth 2004, pet. denied); see also
Forbes, Inc. v. Granada Biosciences, Inc., 124 S.W.3d 167, 172 (Tex. 2003) (generally discussing
plaintiff's burden in no-evidence summary judgment); Krishnan v. Ramirez, 42 S.W.3d 205, 212
(Tex. App.--Corpus Christi 2001, pet. denied) (discussing elements of medical malpractice claim). 

 In order for a trial court to consider the plaintiff's expert's testimony as summary
judgment evidence, the plaintiff must have timely designated that expert as a testifying witness. See
Tex. R. Civ. P. 193.6. According to Texas Rule of Civil Procedure 195.2, a plaintiff may satisfy this
designation requirement by furnishing the information listed in Rule 194.2(f) in response to a request
for disclosure. Id. 194.2(f); 195.2. (3) Although a plaintiff may have supplied some information about
its expert by filing an expert report, as is statutorily required in medical malpractice cases, (4) the filing
of such a report does not satisfy the procedural requirement of "designating" an expert. Coleman
v. Woolf, 129 S.W.3d 744, 748 (Tex. App.--Fort Worth 2004, no pet.); Patriacca v. Frost, 98
S.W.3d 303, 304 (Tex. App.--Houston [1st Dist.], no pet.). 

 A plaintiff's expert will be considered designated "timely" if the requested
information is provided either 90 days before the end of the discovery period or as otherwise ordered
by the court, such as in a Level III scheduling order. See Tex. R. Civ. P. 190.4; 195.2. If a party fails
to timely designate an expert witness--i.e., fails to timely provide an adequate response to the Rule
194.2(f) request--then testimony from that expert will be excluded unless the trial court determines
that the party seeking to introduce the evidence established either (1) the existence of good cause for
its failure or (2) that it would not unfairly surprise or prejudice the other parties to admit the evidence
despite the inadequate discovery response. Id. 193.6(a), (b). Even if the party seeking to admit the
evidence is unable to establish either good cause or a lack of unfair surprise or prejudice, the trial
court has discretion to grant a continuance to allow the party to make, amend, or supplement its
discovery response and to allow the other parties to conduct additional discovery based on any new
information presented by that response. Id. 193.6(c). 

 In the instant case, according to a Level III scheduling order, Cunningham was
required to designate all experts by June 29, 2004. Cunningham filed an initial expert report by Dr.
Charles Marable, in compliance with article 4590i, in August 2003. As of December 2003,
Columbia had served a request for disclosure on Cunningham seeking all information listed in Rule
194.2(f), and she had responded only that "Plaintiffs have not yet determined testifying expert
witnesses. Plaintiffs will supplement pursuant to the court's Scheduling Order for a Level III case." 
When the June deadline passed without Cunningham supplementing her response to Columbia's
request for disclosure, Columbia moved for a no-evidence summary judgment. On August 2, 2004,
Columbia urged that it was entitled to judgment as a matter of law because, given Cunningham's
failure to timely designate an expert witness in this medical malpractice case, she had no probative
evidence on the essential elements of her claims. See id. 166a(i); Palacios, 46 S.W.3d at 876, 879. 
 Cunningham responded to Columbia's summary judgment motion on September 7,
2004, attaching Marable's affidavit for the first time. Cunningham relied on this affidavit as proof
that she had produced more than a scintilla of evidence to raise genuine issues of material fact on
each of her essential elements. Although she acknowledged that Marable had not been timely
designated as an expert witness, she urged the trial court to consider his testimony as summary
judgment evidence because she had good cause for the untimely designation and because it would
not unduly prejudice Columbia. (5) See Tex. R. Civ. P. 193.6(a), (b). The court granted Columbia's
motion to strike Marable's affidavit, granted Columbia's no-evidence summary judgment motion,
and denied Cunningham's motion for continuance. Cunningham now challenges the trial court's
actions. 

 As a preliminary matter, Cunningham urges that the rules of civil procedure
governing discovery practices do not apply in summary judgment proceedings because such
proceedings are wholly governed by Rule 166a. See id. 190-215; 166a. Accordingly, Cunningham
argues that evidence offered for summary judgment purposes need not satisfy the standards of
admissibility required for trial evidence. Hence, she contends that Rule 193.6--dictating that expert
testimony is inadmissible unless the expert has been properly designated--does not prohibit a non-designated expert's testimony from being considered as summary judgment evidence. See id. 193.6. 
Cunningham bases her argument on Johnson v. Fuselier, 83 S.W.3d 892, 897 (Tex.
App.--Texarkana 2002, no pet.), and Alaniz v. Hoyt, 105 S.W.3d 330, 340 (Tex. App.--Corpus
Christi 2003, no pet.), both of which hold that, because Rule 166a provides a "comprehensive
framework" for summary judgment procedure, the discovery rules are inapplicable to the admission
of evidence at that stage. 

 Cunningham acknowledges, however, that in a case with facts nearly identical to the
instant ones, this Court has taken the contrary position. In Ersek v. Davis & Davis, P.C., we held
that, following the 1999 revisions to the rules of civil procedure, the discovery rules apply in
summary judgment proceedings and, as such, the plaintiff's expert's affidavit could not be
considered as evidence for summary judgment purposes where the plaintiff failed to timely designate
the expert and was unable to establish either good cause for a late designation or a lack of unfair
surprise or prejudice. 69 S.W.3d 268, 273 (Tex. App.--Austin 2002, pet. denied) (citing Tex. R.
Civ. P. 193.6). (6) We decline to depart from our reasoning in Ersek and, therefore, hold that the rules
requiring an expert to be designated before any testimony from that expert can be admitted apply in
summary judgment proceedings, such that a non-designated expert's affidavit cannot be considered
as summary judgment evidence absent a showing of good cause or a lack of unfair surprise or
prejudice. See Tex. R. Civ. P. 193.6. 

 The question then becomes whether Cunningham satisfied her burden to show either
good cause for her untimely designation or a lack of unfair surprise or prejudice to Columbia. If
Cunningham failed to meet this burden, then under Rule 193.6, the court's decision to strike
Marable's affidavit should be affirmed. Id.; Alvarado v. Farah Mfg. Co., 830 S.W.2d 911, 914 (Tex.
1992). We review this decision under an abuse of discretion standard. Ersek, 69 S.W.3d at 271. 
This Court may not substitute its judgment for that of the trial court absent a clear abuse of
discretion. Gammill v. Jack Williams Chevrolet, Inc., 983 S.W.2d 1, 5, 13 (Tex. 1996). Under this
test, the trial court's decision will be upheld unless the record demonstrates that the court acted
without reference to any guiding principles of law. Id.

 Cunningham contends that she established good cause with evidence that the failure
to timely designate Marable was an inadvertent mistake based on a miscommunication between her
attorney and his legal assistant. Cunningham attached the legal assistant's affidavit to her summary
judgment response, averring that


[the assistant] checked to see whether the designation had been filed . . ., saw two
[4590i report] documents in the file . . ., [and] believed that these documents were
the designations required to be filed by June 29, 2004. When [Cunningham's
attorney] asked if the designation had been filed with the court, [the assistant] told
him that they already had been filed.



 The Texas Supreme Court has held that "[c]ounsel should not be excused from the
requirements of the rule without a strict showing of good cause." Alvarado, 830 S.W.2d at 915
(discussing Rule 215, predecessor to Rule 193.6 before 1999 amendments). Because lawyers are
responsible for the actions of the legal assistants that they supervise, the procedural mistakes made
by a legal assistant are imputed to the supervising attorney. See Tex. Disciplinary R. Prof'l Conduct
5.03 (reprinted in Tex. Gov't Code Ann., tit. 2, subtit. G app. A, art. 10, § 9 (West 2005)); see also
Weaver v. E-Z Mart Stores, 942 S.W.2d 167, 170 (Tex. App.--Texarkana 1997, no writ). 
"[I]nadvertence of counsel, by itself, [is] not good cause" because, if it were, "the exception would
swallow up the rule, for there would be very few cases in which counsel would admit to making a
deliberate decision not to comply with the discovery rules." Alvarado, 830 S.W.2d at 915; see also
Agristor Credit Corp. v. Donahoe, 568 S.W.2d 422, 426 (Tex. Civ. App.--Waco 1978, writ ref'd
n.r.e.) (because secretarial mistakes are imputed to attorney and inadvertence of counsel is
insufficient, counsel's excuse that secretary failed to inform him about discovery deadlines was not
good cause). Thus, the trial court's determination that Cunningham's excuse did not constitute good
cause was not an abuse of discretion because it was in accordance with the law. 

 Cunningham also urged that, despite her failure to designate Marable as a testifying
expert witness, Columbia would not be unfairly surprised or prejudiced by the trial court's
consideration of Marable's affidavit as summary judgment evidence because Marable's 4590i report
had been on file since August 2003, a year before Columbia filed its summary judgment motion. 

 A primary purpose of the discovery rules is to prevent trial by ambush. Alvarado, 830
S.W.2d at 914. In preparing for trial, a party ought to be "assured that a witness will not be called
because opposing counsel has not identified the witness in response to a proper [discovery request]." 
Id. at 915. Thus, even if the party knows the substance of the witness's opinions, the non-designated
witness should not be permitted to testify because the party is not on notice that the witness will be
called and, thus, cannot adequately prepare. See id.; Sharp v. Broadway Nat'l Bank, 784 S.W.2d
669, 671 (Tex. 1990); State Office of Risk Mgmt. v. Escalante, 162 S.W.3d 619, 627-28 (Tex.
App.--El Paso 2005, pet. filed). Further, "[a] party should not have to anticipate the disclosure of
a material witness merely because his or her testimony would be vital to the case. The discovery
rules were revised to make that sort of anticipation unnecessary." Matagorda County Hosp. Dist.
v. Burwell, 94 S.W.3d 75, 83 (Tex. App.--Corpus Christi 2002, no pet.). 

 Merely filing a medical malpractice expert's 4590i report does not "designate" that
expert as a testifying witness so as to put the opposing party on notice to prepare a rebuttal. See
Coleman, 129 S.W.3d at 748; Patriacca, 98 S.W.3d at 304. Consequently, the fact that a non-designated expert's initial report has been filed does not prevent the opposing party from suffering
unfair surprise or prejudice if that expert's testimony is then considered as evidence for summary
judgment purposes. Therefore, Cunningham's claim that Columbia would not be unfairly surprised
or prejudiced by the admission of Marable's affidavit is unpersuasive, and the trial court did not
abuse its discretion in determining that Cunningham failed to carry her burden under Rule 193.6. 
See Ersek, 69 S.W.3d at 271. 

 Because Cunningham concedes that she failed to designate Marable as an expert
witness and because both her arguments on the existence of good cause and the lack of unfair
surprise or prejudice are without merit, we conclude that the trial court did not abuse its discretion
in refusing to consider Marable's affidavit as summary judgment evidence. See Tex. R. Civ. P.
193.6; Gammill, 983 S.W.2d at 13. Because Marable's properly-excluded affidavit was the only
probative evidence relied on by Cunningham to support her assertion that she raised a genuine issue
of material fact on each of her essential elements, the trial court did not err in granting Columbia's
no-evidence summary judgment, which dismissed each of Cunningham's medical malpractice
claims. (7) See King Ranch, Inc. v. Chapman, 118 S.W.3d 742, 751 (Tex. 2003) (no-evidence summary
judgment should be affirmed when there is a "complete absence of evidence on a vital fact" or when
"the court is barred by rules of law or of evidence from giving weight to the only evidence offered
to prove a vital fact.").

 In the alternative, Cunningham argues that even if she failed to carry her burden of
establishing either good cause or a lack of unfair surprise or prejudice, the trial court erred by not
granting her motion for continuance. Rule 193.6(c) provides the trial court with complete discretion
over whether to grant a continuance in these circumstances. See Tex. R. Civ. P. 193.6(c) ("if the
party seeking to introduce the evidence . . . fails to carry the burden . . . the court may grant a
continuance" (emphasis added)). Accordingly, we review this decision for an abuse of discretion. 
Barr v. AAA Tex., LLC, 167 S.W.3d 32, 37 (Tex. App.--Waco 2005, no pet.). In determining
whether the court abused its discretion in denying the continuance, we consider "the length of time
the case has been on file, the materiality and purpose of the discovery sought, and whether the party
seeking the continuance has exercised due diligence to obtain the discovery sought." Id. (quoting
Joe v. Two Thirty Nine Joint Venture, 145 S.W.3d 150, 161 (Tex. 2004)). 

 By the time Columbia sought summary judgment, this case had been on file for over
a year. Cunningham filed Marable's 4590i report in August 2003 and agreed in January 2004 that
she would designate all testifying experts by June 2004. Thus, Cunningham had almost a year to
consider whether she would call Marable as a testifying expert, and she was on notice for five
months of the deadline by which she had to make this decision and properly designate him. Also,
as is evidenced by Cunningham's initial response to Columbia's requests for disclosure, she was
aware in December 2003 (eight months before Columbia sought summary judgment) that she needed
to supplement her response to designate an expert. (8) Nonetheless, Cunningham failed to follow
through with the designation. Although Cunningham attempts to blame this failure on the mistake
of a legal assistant, it is established that an attorney's misplaced reliance on an assistant does not
constitute due diligence. See Agristor Credit Corp., 568 S.W.2d at 426; Williams v. Basham, No.
05-93-00471-CV, 1995 Tex. App. LEXIS 3855, at *6-7 (Tex. App.--Dallas, April 19, 1995, no writ)
(not designated for publication).

 Moreover, the trial court had discretion to deny Cunningham a continuance based on
procedural deficiencies in her motion. Rule 251 requires that a motion for continuance state a
sufficient cause that is supported by an affidavit. Tex. R. Civ. P. 251. When a movant fails to
comply with the requirement that a supporting affidavit be attached, we generally presume that the
trial court acted within its discretion to deny the continuance. Villegas v. Carter, 711 S.W.2d 624,
626 (Tex. 1986). Cunningham requested a continuance as an alternative argument in her response
to Columbia's summary judgment motion. Cunningham attached only the affidavits of the legal
assistant and Marable, both of which related to her claim that the expert's affidavit should be
considered as evidence to preclude summary judgment. Cunningham did not attach an affidavit
supporting her motion for continuance. Further, Cunningham did not offer any sufficient cause for
the continuance; her motion merely recited the language of Rule 193.6(c) and "respectfully
requested" that the court grant a continuance in the event that it determined Cunningham failed to
show good cause or a lack of prejudice or surprise.

 Given Cunningham's lack of diligence in designating an expert and her failure to
provide an affidavit in support of her motion, we cannot say that the trial court abused its discretion
by denying Cunningham a continuance. 


CONCLUSION


 The trial court committed no error in refusing to consider the affidavit of
Cunningham's non-designated expert, in granting Columbia's no-evidence summary judgment
motion, and in denying Cunningham's motion for continuance. We overrule each of Cunningham's
issues and affirm the judgment of the trial court.



 

 W. Kenneth Law, Chief Justice

Before Chief Justice Law, Justices Patterson and Puryear

Affirmed

Filed: October 13, 2005
1. Cunningham also sued Dr. Rehana Ahmed for medical malpractice related to her father's
death, but Ahmed was subsequently nonsuited and is not a party to this appeal.
2. Because the outcome of this appeal turns solely on the procedural history, it is not
necessary to discuss the substantive facts underlying Cunningham's medical malpractice claims.
3. For a retained, testifying expert, Rule 194.2(f) permits discovery of the expert's
biographical information; the subject matter of the expert's testimony; a brief summary of the
expert's opinions and the basis for them; all documents and items prepared by, reviewed by, or
provided to the expert in anticipation of testimony; and the expert's current resume and bibliography.
Tex. R. Civ. P. 194.2(f). 
4. Medical malpractice cases that were filed prior to September 1, 2003, as was the instant
case, are governed by article 4590i. See Act of August 29, 1977, 65th Leg., R.S., ch. 817, 1977 Tex.
Gen. Laws 2039, (formerly codified at Tex. Rev. Civ. Stat. Ann. art. 4590i, §§ 1.01-16.02 (the
"Medical Liability and Improvement Act")), repealed by Act of September 1, 2003, 78th Leg., R.S.,
ch. 204, § 10.09, 2003 Tex. Gen. Laws 864, 884. Article 4590i, section 13.01(a)(3), mandated that
claimants in health care liability claims file an expert report within 90 days of filing the claim;
section 13.01(k) expressly prohibited the use of that report as evidence for any purpose. See id. 
Upon the repeal of article 4590i, the relevant sections governing expert reports were recodified, with
some amendments, in chapter 74 of the civil practice and remedies code. See Tex. Civ. Prac. &
Rem. Code Ann. § 74.351 (West 2005).
5. Cunningham's obligation to designate Marable as an expert witness was not satisfied
merely by having his 4590i report on file. Patriacca v. Frost, 98 S.W.3d 303, 304 (Tex.
App.--Houston [1st Dist.], no pet.). Further, although Cunningham did file a supplemental response
to Columbia's request for disclosure on August 31, 2004--naming Marable as a testifying expert and
attaching his curriculum vitae as well as his previously prepared 4590i report--this also did not
satisfy her designation requirement because it was untimely. The Level III scheduling order required
Cunningham's experts to be designated by June 29, 2004, two months before her supplemental
response. And, although the parties had entered a Rule 11 agreement extending other discovery 
deadlines for Cunningham, the agreement expressly stated that it did not extend Cunningham's
deadline to designate experts. See Tex. R. Civ. P. 11.
6. Other courts have reached this same conclusion. See Coleman v. Woolf, 129 S.W.3d 744,
747 (Tex. App.--Fort Worth 2004, no pet.); Villegas v. Texas Dep't of Transp., 120 S.W.3d 26 (Tex.
App.--San Antonio 2003, pet. denied); Patriacca, 98 S.W.3d at 306; see also Soto v. Drefke, No.
13-03-301-CV, 2005 Tex. App. LEXIS 1831, at *7 n.9 (Tex. App.--Corpus Christi, March 10, 2005,
no pet.) (mem. op.) (reconsidering issue after Alaniz: "we do not wholly disagree with the application
of rule 193.6 in a summary judgment context under the revised rules").
7. Columbia also sought a summary judgment on the grounds that the expert's affidavit was
conclusory, that Cunningham presented no evidence that Conaster had better than a 50% chance of
surviving, and that Cunningham failed to respond to the summary judgment more than seven days
before the hearing. Because we hold that Cunningham's failure to present expert testimony on her
essential elements was a sufficient basis on which to grant Columbia's no-evidence motion, we do
not address these other grounds.
8. Her response stated: "Plaintiffs have not yet determined testifying expert witnesses. 
Plaintiffs will supplement pursuant to the court's Scheduling Order for a Level III case."