ACCEPTED
03-14-00503-CV
3641199
THIRD COURT OF APPEALS
AUSTIN, TEXAS
1/2/2015 10:27:53 PM
JEFFREY D. KYLE
CLERK

Cause No. 03-14-00503-CV

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
1/2/2015 10:27:53 PM
JEFFREY D. KYLE
Clerk

IN THE

## THIRD COURT OF APPEALS

## AT AUSTIN

Kohler v. Chiquillo

Original Proceeding From the Hays County Court at Law No. 1

Appellant's Brief on the Merits

Kent Kohler
7500 Shadowridge Run, #64
Austin, Texas  78749
(512) 663-5458
Kent_kohler@praxair.com
Pro Se Appellant

# IDENTITY OF PARTIES AND COUNSEL

Appellant.

Party, Kent Kohler.

Pro se Appellant. 7500 Shadowridge Run #64, Austin, Texas 78749, Telephone: (512) 663-5458, Email: kent_kohler@praxair.com.

Appellee.

Party, Claudia Chiquillo.

Appellee. 120 Victoria Court, Austin, Texas 78747. Telephone: (512) 497-9098. Email: cayachi10@gmail.com

# TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL.......................................................i

TABLE OF CONTENTS.........................................................................ii

TABLE OF AUTHORITIES.....................................................................iv

STATEMENT OF THE CASE...................................................................1

ISSUES PRESENTED............................................................................2

STATEMENT OF FACTS........................................................................3

SUMMARY OF THE ARGUMENT...........................................................6

ARGUMENT

STANDARD OF REVIEW.......................................................................7

I.  THE TRIAL COURT ERRED IN GRANTING SUMMARY
    JUDGMENT AGAINST MR. KENT KOHLER..................................7
    A. The trial court erred in granting summary judgment because it refused to
       hear Appellant's arguments against summary judgment.....................7
    B. The trial court erred in granting summary judgment because Appellee's
       own evidence provides a presumption of bad faith, thereby raising a fact
       issue as to whether Appellee was entitled to recover any damages
       whatsoever.................................................................................9
    C. The trial court erred in granting summary judgment because the
       pleadings and proof provided by Appellee did not determine as a matter
       of law that Mr. Kohler was not due a partial or full refund of his security
       deposit....................................................................................12
    D. The trial court erred in granting summary judgment because it
       determined as a matter of law that Appellee was entitled to summary
       judgment based on the affirmative defense of Contributory Negligence in
       a breach of contract action..........................................................12
    E. The trial court erred in granting summary judgment because it
       determined as a matter of law that Appellee was entitled to summary

judgment based on the affirmative defense of Estoppel when the
pleadings and evidence do not support such a claim................................13

CONCLUSION.................................................................................14

CERTIFICATE OF SERVICE.............................................................16

CERTIFICATE OF COMPLIANCE.......................................................17

PRAYER.........................................................................................18

APPENDIX......................................................................................19

Order Granting Defendant's Motion for Summary Judgment.................20

# TABLE OF AUTHORITIES

CASES                                                              PAGE(S)

*Coleman v. Woolf,* 129 S.W.3d 744 (2004)…...……………………………………….9

*Goforth v. Bradshaw,* 296 S.W.3d 849 (2009)……....…………………………….....8

*Nixon v. Mr. Property Management Co.,* 690 S.W.2d 546 (Tex. 1985)…………....7

**STATUTES**

Texas Civil Practices and Remedies Code Chapter 33………………………..12, 13

Texas Property Code Section 92……...……………………………………….3, 10, 11

Texas Rules of Civil Procedure Section 21a……………………………….....8, 15

Texas Rules of Civil Procedure Section 166a……………………………………....9

## STATEMENT OF THE CASE

This case arose from a dispute over the security deposit Appellant, tenant, paid upon moving into the property of Appellee, landlord. Appellant initiated a claim against Appellee for return of the deposit in the Justice Court, Precinct 1, Place 1, in Hays County, Texas. Appellee did not appear for the hearing, so Appellant was granted a default judgment for the full amount of his deposit, $1,950. Appellee appealed the default judgment, thereby invoking the appellate jurisdiction of County Court at Law Number 1 in Hays County, Texas, wherein the presiding judge granted a traditional summary judgment in favor of Appellee. Appellant has appealed to the 3rd Court of Appeals in Austin, Texas.

## ISSUES PRESENTED

Whether the court erred when it refused to hear Appellant's arguments against summary judgment in his response to Appellee's motion for summary judgment, because Appellant failed to include a Certificate of Service in the response, even though Appellee acknowledged actual service of the response eight days before the hearing.

Whether the court erred in granting Appellee's motion for summary judgment on Appellee's counterclaim for breach of contract when there was a genuine issue of material fact as to whether Appellee was entitled to deduct any amount, let alone the entire amount, from Appellant's security deposit when there was a presumption of bad faith on the part of Appellee, per Texas Property Code, for not providing either an itemized list of deductions, or a refund of the deposit, within 30 days of receiving Appellant's written notice and change of address.

Whether the court erred in granting Appellee's motion for summary judgment since Appellee failed to disprove an element of Appellant's claim for breach of contract by failing to prove, as a matter of law, that Appellant was not entitled to a return of his security deposit.

Whether the court erred in granting Appellee's motion for sunnary judgment on Appellee's affirmative defense of Contributory Negligence against an action for breach of contract.

Whether the court erred in granting Appellee's motion for summary judgment on Appellee's affirmative defense of Estoppel

## STATEMENT OF FACTS

In August 2010, Appellant entered into a lease agreement with Appellee, for her property at 120 Victoria Court, Austin, Texas 78737. (C.R. 123). Appellant paid a security deposit in the amount of $1,950.00. (C.R. 133). Appellant moved out on May 5, 2013, leaving the home in excellent condition. In a text message from Appellant to Appellee, Mr. Kohler offered to have several neighbors verify to Ms. Chiquillo that the home was in excellent shape when he moved out, with the exception of some damage to the wood floors. In this text message, dated May 11, 2013, Appellant provided Appellee with his new address and requested the remainder of his security deposit. (C.R. 180).

Pursuant to TEXAS PROPERTY CODE 92.109, a landlord is required to refund a security deposit on or before the 30th day after the tenant surrenders the premises, provided the tenant gives a written forwarding address. A landlord who fails to return the deposit or to provide an itemization of deductions on or before the 30th day after tenant has surrendered possession is presumed to have acted in bad faith. A landlord who retains a tenant's security deposit in bad faith may not withhold any portion of the security deposit or bring suit against tenant for damages to the premises, and is liable to the tenant in an amount equal to the sum of $100, three times the portion of the deposit wrongfully withheld (here, the entire deposit since the landlord forfeited the right to withhold any amount for damages

3

to the premises), as well as the tenant's reasonable attorney's fees in a suit to recover the deposit.

Ms. Chiquillo did not refund any portion of Mr. Kohler's security deposit, nor did she provide an itemized list of deductions until June 11, 2013. (C.R. 237). This itemized list was in response to numerous attempts by Mr. Kohler to discuss the return of the security deposit. Ms. Chiquillo's email providing the itemized list was in response to an email from Mr. Kohler, also dated June 11, 2013, alerting Ms. Chiquillo to the fact that he received a quote to fix the floors in the amount of $650, and requested a refund in the amount of $1,300. (C.R. 108). Since Ms. Chiquillo failed to provide a refund or itemized list on or before the 30th day after Mr. Kohler surrendered the premises and provided a written forwarding address, she is presumed to have acted in bad faith.

On July 12, 2013, Appellant filed a claim for "rent deposit in the amt of $1,950" in the Justice Court, Precinct 1, Place 1, Hays County, Texas. (C.R. 22,23). Appellee has misstated that Appellant was attempting to sue for "rent and security deposit." (C.R. 126). Mr. Kohler used the phrase "rent deposit" colloquially as a synonym for "security deposit", as evidenced by the amount of the claim, $1,950.00, which was the amount of his security deposit. Mr. Kohler was now requesting the entire security deposit, and not the reduced amount of $1,300, since Ms. Chiquillo did not act within the 30 days required by the Texas

4

Property Code. Since Ms. Chiquillo failed to appear at the original hearing, a default judgment was granted and signed on August 19, 2013. (C.R. 4). On August 27, 2013, the justice court rescinded the default judgment and set a court date for October 1, 2013. On October 16, 2013, the justice court found for Mr. Kohler in the amount of $1,300.00. (C.R. 15). On October 23, 2013, Appellee filed a Notice of Appeal with the Hays County Court at Law. (C.R. 8). Appellee filed a motion for summary judgment on a counterclaim for breach of contract, as well as two affirmative defenses: Contributory Negligence and Estoppel, on March 11, 2014. (C.R. 123). The hearing was set in the County Court of Law in Hays County, Texas for April 2, 2014. Mr. Kohler and Ms. Chiquillo were present. Ms. Chiquillo's attorney, Mr. Avera, did not appear. Mr. Avera contends in Appellee's response to Appellant's motion for new trial that "[t]hrough a series of agreed setting changes, the matter was finally heard on April 30, 2014." (C.R. 262). There was no series of agreed setting changes; the parties were forced to reschedule due to Mr. Avera's failure to appear. On April 22, 2014, Appellant filed a response to Appellee's motion for summary judgment. Appellant included a cross motion for summary judgment. The court did not accept Appellant's cross motion for summary judgment because it was not filed 21 days prior to the hearing date of April 30, 2014. The court also did not accept Appellant's response to Appellee's motion for summary judgment because it did not contain a Certificate of Service,

5

even though it was timely sent and Appellee acknowledged receipt of the response eight days prior to the hearing. (C.R. 262).

The county court granted Appellee's motion for summary judgment on April 30, 2014. (C.R. 241). On May 30, 2014, Appellant filed a motion for new trial with the county court. (C.R. 242). The motion for new trial was denied on July 16, 2014. (C.R. 265). On August 13, 2014, Appellant filed notice of appeal in this Court. (C.R. 267).

## SUMMARY OF THE ARGUMENT

The trial court erred in granting summary judgment against Mr. Kohler when (1) it refused to hear Appellant's arguments against summary judgment; (2) a fact issue exists as to Appellee's bad faith and whether she was entitled to damages at all; (3) the pleadings and proof provided by Appellee did not determine as a matter of law that Mr. Kohler was not due a partial or full refund of his security deposit; (4) it determined as a matter of law that Appellee was entitled to summary judgment based on the affirmative defense of Contributory Negligence in a breach of contract action; (5) it determined as a matter of law that Appellee was entitled to summary judgment based on the affirmative defense of Estoppel when the pleadings and evidence do not support such a claim.

6

## STANDARD OF REVIEW

An appellate court applies the following in reviewing a summary judgment:

1. The movant has the burden of showing that no genuine issue of material fact exists and that he is entitled to judgment as a matter of law;

2. In deciding whether a disputed material fact issue precludes summary judgment, the court must take evidence favorable to the non-movant as true;

3. The court must indulge every reasonable inference in favor of the non-movant and resolve any doubts in its favor.

*See Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548-49 (Tex. 1985).

## I.   THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT AGAINST MR. KENT KOHLER

A.  The trial court erred in granting summary judgment because it refused to hear Appellant's arguments against summary judgment.

Appellant submitted a response to Appellee's motion for summary judgment on April 22, 2014, eight days prior to the hearing of April 30, 2014. Included in the response was a cross-motion for summary judgment. Appellee argued in a motion presented the day of the hearing, April 30, 2014, that Appellant's arguments against summary judgment

7

should not be heard because they were not timely. Appellant concedes that his cross-motion for summary judgment was not timely; however, his response to Appellee's motion for summary judgment was timely. The trial court refused to hear the arguments included in the response because the response lacked a Certificate of Service, and because the response was considered defective due to lack of an affidavit attesting to the veracity of the evidence.

Appellee acknowledged through her motion of April 30, 2014 that she did indeed receive Appellant's response eight days prior to the hearing. According to *Goforth v. Bradshaw,* "[t]hough a certificate of service is required by Rule 21a and is recognized as presumptively establishing service, here we have acknowledged, actual delivery. We believe that is the key…" *Goforth v. Bradshaw,* 296 S.W.3d 849,854 (2009). Although Appellant did not strictly comply with Rule 21a to *presumptively* establish service, through Appellee's own motion we have actual, acknowledged service. It is Appellant's belief that actual, acknowledged service should be considered superior to presumptive service, and his arguments should have been considered since timely service was proven beyond doubt.

Appellant received Appellee's objection to Appellant's summary judgment evidence just minutes before the hearing on April 30, 2014. In order to correct the defect, Appellant requested a continuance on two separate occasions and was denied. According to *Coleman v. Woolf*, "when a summary judgment movant objects to summary judgment evidence proffered by the non-movant, the burden lies upon the non-movant to request relief under rule 166a(f), including a continuance or the opportunity to cure any formal defects in the non-movant's summary judgment evidence." *Coleman v. Woolf*, 129 S.W.3d 744,750 (2004). Per Rule 166a(f) of the Texas Rules of Civil Procedure, defects in form of affidavits are not grounds for reversal unless they are pointed out by the opposing party and given an opportunity to amend, but refusing to do so. Tex. R. Civ. P. 166a(f). Appellant was handed Appellee's objections just moments before the hearing, twice requested a continuance and was twice denied, and was not afforded an opportunity to amend.

B. The trial court erred in granting summary judgment because Appellee's own evidence provides a presumption of bad faith, thereby raising a fact issue as to whether Appellee was entitled to recover any damages whatsoever.

In Appellee's reply to Appellant's response to Appellee's motion for summary judgment, Appellee states that Appellant provided his forwarding address to Ms. Chiquillo on May 11, 2013. (C.R.Supp., 8).

9

Ms. Chiquillo did not provide an itemized list of deductions until June 11, 2013. (C.R., 27). In this itemized list, the amount to repair the flooring was listed as $1,534.17. Id. However, in her motion for summary judgment, she requested over four times that amount for flooring, $6,231.57. (C.R., 132). According to the proposal, attached as Exhibit F to the motion for summary judgment, she received two quotes from the flooring company. One for $1,534.17 to replace the wood in the damaged areas. The proposal states that replacing the damaged planks would "fit almost perfectly," with a possibility of a "fine height difference." (C.R., 158). The second quote, $6,231.57, was to sand and refinish the entire house to "make all look like it is new." Id. Appellant was not under any obligation to make Appellee's home look like it was new upon moving out. His obligation was to repair any damaged areas, which he had agreed to do, excepting normal wear and tear.

The Texas Property Code imposes strict requirements on landlords regarding the return of security deposits. Specifically, a landlord "who fails to return a security deposit or to provide a written description and itemization of deductions on or before the 30th day after the date the tenant surrenders possession is presumed to have acted in bad faith." Tex. Prop. Code section 92.109(d). When a landlord acts in bad faith, and

10

wrongfully retains a security deposit, the landlord is liable for "an amount equal to the sum of $100, three times the portion of the deposit wrongfully withheld, and the tenant's reasonable attorney's fees in a suit to recover the deposit." Tex. Prop. Code section 92.109(a). Further, when the landlord does not provide a written description and itemized list of damages and charges, the landlord:

(1) Forfeits the right to withhold any portion of the security deposit or to bring suit against the tenant for damages to the premises; and

(2) Is liable for the tenant's reasonable attorney's fees in a suit to recover the deposit. Tex. Prop. Code section 92.109(b).

Ms. Chiquillo's own evidence shows a text from Appellant with his forwarding address on May 11, 2013. She also provided as evidence an email from herself to Appellant giving an itemized description of damages on June 11, 2013. Since the written description and itemized list of damages was not provided on or before the 30th day after Appellant surrendered possession and provided a forwarding address, Ms. Chiquillo forfeited her right to withhold any portion of the deposit for damages. She is also presumed to have acted in bad faith, and as such owes Appellant $100 plus three times the amount of his security deposit of $1,950.

11

C. The trial court erred in granting summary judgment because the pleadings and proof provided by Appellee did not determine as a matter of law that Mr. Kohler was not due a partial or full refund of his security deposit.

As stated in section B, there are questions of bad faith on the part of Appellee, as well as a large discrepancy in the amounts that Appellee provided as necessary to repair the damaged floors. The discrepancy between the Appellee's own proposed amounts to fix the damage are enough to show that there is a question of fact regarding whether she had any lawful right to retain any of Appellant's security deposit. The Justice Court awarded Appellant $1,300, which was equal to the security deposit, minus $650 for the repairs to the floors. (C.R., 10). If Appellee's own discrepancies aren't enough to show a question of fact, surely the difference between her proposals and the amount awarded by the Justice Court should.

D. The trial court erred in granting summary judgment because it determined as a matter of law that Appellee was entitled to summary judgment based on the affirmative defense of Contributory Negligence in a breach of contract action.

Appellee's motion for summary judgment included an affirmative defense of contributory negligence. Appellee's motion stated that the defense of contributory negligence was codifed in Chapter 33 of the Texas Civil Practices and Remedies Code. Chapter 33 of the Texas Civil

12

Practices and Remedies Code refers to Proportionate Responsibility, not Contributory Negligence. The applicability of Proportionate Responsibility is codified in section 33.002 of the Texas Civil Practices and Remedies Code. The provision states that "[t]his chapter applies to: (1) any cause of action based on tort in which a defendant, settling person, or responsible third party is found responsible for a percentage of the harm for which relief is sought; or (2) any action brought under the Deceptive Trade Practices-Consumer Protection Act…in which a defendant, settling person, or responsible third party is found responsible for a percentage of the harm for which relief is sought."

If Appellee meant to plead the affirmative defense of Proportionate Responsibility, it should not have been accepted as a matter of law since the case is a breach of contract action, not a tort action or DTPA action.

E. The trial court erred in granting summary judgment because it determined as a matter of law that Appellee was entitled to summary judgment based on the affirmative defense of Estoppel when the pleadings and evidence do not support such a claim.

The court erred by granting the motion for summary judgment because Appellant raised a fact issue regarding Appellee's affirmative defense of Estoppel. In Appellee's motion for summary judgment, she raised the affirmative defense of estoppel, and listed the elements of estoppel, but failed to explain how the elements applied to the specific

13

facts of this case. In Appellee's motion of April 30, 2014, she did describe how she applied the elements of Estoppel to the facts of the case; however, the application was improper. Appellee's argument was that Appellant agreed to pay $600 for the floors on May 11, 2013, and then sued for the full amount of the security deposit. (C.R.Supp., 18-19). What Appellee failed to take into consideration was the fact that Appellant agreed to pay $650 for the floor repairs, until Appellee began acting in bad faith by not refunding his deposit or sending him an itemized list of deductions. It was after this display of bad faith on the part of Appellee that Appellant sued for the full amount of his deposit. Bad faith on the part of Appellee began on June 11, 2013; Appellant sued for refund of security deposit in July, 2013. This fully negates Appellee's estoppel defense.

## CONCLUSION

The trial court erred in granting summary judgment for Appellee because it 1) refused to hear Appellant's response to Appellee's motion for summary judgment because it did not include a certificate of service and because there was a defect in the response; 2) ignored discrepancies in Appellee's own summary judgment evidence, as well as the disparity between Appellee's summary judgment evidence and the amount awarded by the Justice Court; 3) because of such

14

discrepancies, it was not proven as a matter of law that Mr. Kohler was not due at least a partial refund; 4) ignored the fact that the affirmative defense of contributory negligence does not apply in a breach of contract cause of action; 5) accepted the affirmative defense of estoppels even though the pleadings and evidence provided by Appellee alone do not support such a defense. Appellee acknowledged actual service eight days prior to the hearing; therefore, a presumption of service provided by Rule 21a was not necessary in this instance. Appellant requested time to correct the defect in his response and was not granted the time to do so. With three different amounts provided as estimates for the repair of the wood floors, a matter of fact is shown that should have been decided once the case was heard on its merits. Also, since there were differences in the proposals gathered to repair the damaged flooring, a matter of fact remains as to whether Appellant was due a full refund, partial refund or no refund. Appellee's non-compliance with the Texas Property Code also provided a matter of fact in whether Appellee should have been permitted to make any deductions whatsoever from Appellant's security deposit. Lastly, neither affirmative defense of Appellee applies to this case and these facts.

## CERTIFICATE OF SERVICE

I certify that on December 29, 2014, a true and correct copy of Appellant's brief was served by email on Claudia Chiquillo of 120 Victoria Court, Austin, Texas 78737, at cayachi10@gmail.com.

Kent Kohler
7500 Shadowridge Run, #64
Austin, Texas 78749
(512) 663-5458
kent_kohler@praxair.com
Pro Se Appellant

16

## CERTIFICATE OF COMPLIANCE

Pursuant to Texas Rule of Appellate Procedure 9.4(i)(3), I hereby certify that this brief contains 3,313 words, excluding the cover sheet, identity of parties, table of contents, table of authorities, certificate of service, certificate of compliance, prayer and appendix.

Kent Kohler
7500 Shadowridge Run, #64
Austin, Texas  78749
(512) 663-5458
kent_kohler@praxair.com
Pro Se Appellant

## PRAYER

Appellant, Kent Kohler, respectfully, for the reasons stated above, asks the Court to reverse the judgment of the trial court and remand the case for a new trial.

Respectfully submitted,

Kent Kohler
7500 Shadowridge Run #64
Austin, Texas 78749
(512) 663-5458
kent_kohler@praxair.com
Pro Se Appellant

# APPENDIX

NO. 13-0839-C

FILED

KENT KOHLER
Plaintiff,

V.

CLAUDIA CHIQUILLO
Defendant.

§  IN THE COUNTY COURT APR 30 AM II: 5
§
§
§  Number ____
§
§
§  OF HAYS COUNTY, TEXAS

COUNTY CLERK
HAYS COUNTY, TEXAS

## ORDER GRANTING
## DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

On *April 30, 2014*, the Court considered Defendant's Motion for Summary Judgment and requests that the Court enter Summary Judgment in favor of Movant on the counterclaim and affirmative defenses set forth therein and against Plaintiff Kent Kohler.

After due consideration of the summary judgment evidence, including affidavits and documentary evidence, and the argument of counsel, this Court finds that Defendant's Motion is due to be **GRANTED** and makes the following findings:

The Court finds there is no genuine issue of material fact as to Defendant's counterclaim for Breach of Contract and Defendant is entitled to summary judgment thereon.

The Court finds there is no genuine issue of material fact as to Defendant's affirmative defense of Contributory Negligence and Defendant is entitled to summary judgment thereon.

The Court finds there is no genuine issue of material fact as to Defendant's affirmative defense of Estoppel and Defendant is entitled to summary judgment thereon.

The Court finds that Defendant has proven the counterclaim and disproved at least one element of Plaintiff's claim for Plaintiff's claims.

The Court finds that Plaintiff has not pled any affirmative defense that would preclude summary judgment in this cause.

**IT IS THEREFORE ORDERED** that judgment is entered in favor of Defendant and against Plaintiff on the counterclaim of Breach of Contract, in the amount of $6501.73, (One and No/100 Dollars).

**IT IS FURTHER ORDERED** that Defendant recovers judgment against Plaintiff in the sum of $1500, as attorney fees for the benefit of Robert Avera. Such Judgment, for which execution shall issue, shall bear interest at the rate of 5% per annum, compounded annually from the date of this judgment, until paid.

**IT IS FURTHER ORDERED** that Defendant recovers judgment against Plaintiff in the sum of $1,500.00 (One Thousand Five Hundred and No/100 Dollars, as attorney fees for the benefit of Robert Avera. Such Judgment, for which execution shall issue, shall bear interest at the rate of 5% per annum, compounded annually from the date of this judgment, until paid. This judgment of attorney fees is conditioned on the pursuit by Defendant of Post-Judgment Discovery.

**IT IS FURTHER ORDERED** that Defendant recovers judgment against Plaintiff in the sum of $10,000.00, (Ten Thousand and No/100 Dollars), as attorney fees for the benefit of Robert Avera on intermediate appeal, with costs and expenses. Such Judgment, for which execution shall issue, shall bear interest at the rate of 5% per annum, compounded annually from the date of this judgment, until paid. This judgment of attorney fees on appeal is conditioned on the pursuit by Plaintiff of an ultimately unsuccessful appeal.

**IT IS FURTHER ORDERED** that Defendant recovers judgment against Plaintiff in the sum of $10,000.00, (Ten Thousand and No/100 Dollars), as attorney fees for the benefit of Robert Avera on appeal to the Texas Supreme Court, with costs and expenses. Such Judgment, for which execution shall issue, shall bear interest at the rate of 5% per annum, compounded

annually from the date of this judgment, until paid. This judgment of attorney fees on appeal is conditioned on the pursuit by Plaintiff of an ultimately unsuccessful appeal.

**IT IS FURTHER ORDERED** that Defendant recovers costs of court incurred in the course of this cause in the sum of $257. Such judgment, for which let execution issue, shall bear interest at the rate of 5%, compounded annually from the date of this judgment, until paid.

**IT IS FURTHER ORDERED** that Defendant is entitled to enforce this judgment through abstract, execution, and any other process.

This judgment finally disposes of all parties and all claims and is appealable.

Signed on 4/30/14.

_____
JUDGE PRESIDING

APPROVED AS TO FORM:

_____
Robert Avera
Attorney for Defendant Claudia Chiquillo
13062 Hwy 290 W
Austin, TX 78737
Tel. (512) 615-3578
Fax. (512) 615-3583

_____
Kent Kohler, Pro Se Plaintiff
7500 Shadowridge Run #64
Austin, Texas 78749
Tel. Unknown
Fax. Unknown