Heather **PATRIACCA**, Appellant,

v.

Scot **FROST**, M.D., Appellee.

No. 01–02–00430–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

Jan. 9, 2003.

David Mestemaker, Houston, TX, for Appellant.

John R. Strawn, Jr., Cruse, Scott, Henderson & Allen, L.L.P., Houston, TX, for Appellee.

Panel consists of Justices HEDGES, KEYES and DUGGAN.*

## OPINION

EVELYN V. KEYES, Justice.

This is an appeal of a no-evidence summary judgment rendered for Dr. Scot Frost, defendant/appellee, against Heather Patriacca, plaintiff/appellant. In four issues presented for review, Patriacca challenges the rendition of summary judgment and the trial court's denial of her motion for new trial. We affirm.

### Factual & Procedural Background

Frost was Patriacca's treating orthopedic physician for most of Patriacca's life. In April 1998, Patriacca consulted Frost regarding a knee injury. After many months of conservative treatment, Frost operated on Patriacca in December 1999 to reconstruct a torn ligament in her left knee. One risk of such surgery is that the patella tendon is weakened and may rupture if a patient falls or reinjures the knee.

The day following the surgery, Patriacca fell on her left knee twice, once at home and once at the doctor's office. Dr. Frost examined her but did not order an X-ray or MRI.[1] During January 2000, Frost examined Patriacca seven more times. In March 2000, Patriacca consulted Dr. Joseph Milne, a Fort Worth orthopedist, complaining again of pain in the left knee. Milne determined Patriacca had ruptured her patella tendon and performed a second surgery to correct this in April 2000.

On December 20, 2000, Patriacca sued Frost for medical malpractice, alleging that Frost was negligent and grossly negligent in treating her condition; she sought actual and special damages.

A plaintiff in a medical malpractice suit must either (1) file a $5,000 cost bond or place $5,000 cash in an escrow account for each defendant named in the suit, or (2) furnish to opposing counsel, within 180 days from the date suit is filed, a medical expert's report in regard to each named defendant. TEX.REV.CIV. STAT. ANN. art. 4590i, § 13.01(a) (Vernon Supp.2002). The report must identify the plaintiff's experts, provide a curriculum vitae for each, and contain a fair summary of the manner in which the medical care rendered failed to meet the applicable standard of care and the causal relationship between the failure and plaintiff's injury. *Id.* at § 13.01(r)(6); *Latham v. Castillo,* 972 S.W.2d 66, 73 (Tex.1998). An initial expert report prepared to satisfy the requirements of article 4590i, however, is not admissible evidence and cannot be used in a deposition, trial, or other proceeding. TEX.REV.CIV. STAT. ANN. art. 4590i, § 13.01(k); *Trusty v. Strayhorn,* 87 S.W.3d 756, 761–62 (Tex.App.-Texarkana 2002, no pet.). Instead of being able to use the initial report, a plaintiff must designate qualified expert witnesses

---

* The Honorable Lee Duggan, Jr., retired Justice, Court of Appeals, First District of Texas at Houston, participating by assignment.

1. Magnetic Resonance Imaging—a technique/apparatus used to assess soft tissue injury.

to testify as to whether the defendant physician departed from accepted standards of medical care. Tex.Rev.Civ. Stat. Ann. art. 4590i, § 14.01 (Vernon Supp.2002). Although Patriacca's 4590i report is not part of the record before us, the parties acknowledge that Patriacca timely submitted an initial expert report from Dr. Andrew Levine. It is the list of designated experts and an affidavit from Dr. Levine that were not timely filed. The list was sent to Frost's former counsel; Levine's affidavit was not submitted until Patriacca filed a motion for new trial.

As part of its docket control, the trial court ordered the parties to designate their expert witnesses no later than November 12, 2001. On December 10, 2001, when he had not received from Patriacca the list of designated experts, Frost filed a no-evidence motion for summary judgment, alleging that Patriacca had failed to timely designate an expert or to produce expert testimony that the misdiagnosis complained of constituted negligence and was a proximate cause of her injuries. With the trial court's permission, Patriacca filed a late response on January 11, 2002. She noted in the response that she had inadvertently sent her designation of expert witnesses to Frost's former counsel, instead of his current counsel. Patriacca attached to her response the first page of "Plaintiff's Designation of Expert Witnesses." On that page, it states, "The following expert witnesses are expected to testify with regard to matters of opinion as well as fact: Please see Plaintiff's Exhibit A, Section B." Nowhere in the clerk's or reporter's record is Section B, or any of the other pages of this document. It is impossible for the Court to discern from this document who Patriacca designated as her expert witnesses. Patriacca did not attach summary judgment evidence showing that the misdiagnosis she complained of constituted negligence or proximately caused her injuries.

Frost filed a reply to the response on January 17, 2002, pointing out that Patriacca had failed to produce expert testimony to support the claim of medical malpractice. On January 22, 2002, the trial court rendered summary judgment for Frost. On February 21, 2002, Patriacca filed a motion for new trial. Attached to the motion was Levine's affidavit identifying the standard of care and how Frost allegedly breached it.

At the hearing on the motion for new trial, the trial court expressed some confusion regarding the basis for her rendition of summary judgment. The trial judge delayed ruling on the motion so that she could review the record and take the matter under advisement. On the 74th day after the judgment was rendered, the trial court called counsel to advise them she would stand by her original ruling unless Patriacca could provide authority allowing her to accept the late-filed expert affidavit as summary judgment evidence. Apparently, Patriacca did not do so. The motion was overruled as a matter of law on the following day. Tex.R. Civ. P. 329b(c).

## Summary Judgment

Patriacca presents four issues for review. In issues one through three, she contends that the trial court erred in rendering summary judgment (1) for reasons not stated in the original motion; (2) without allowing her 21 days to respond to a new and independent basis for summary judgment; and (3) without a submission or hearing on this new, independent basis. In her fourth issue, Patriacca argues that the trial court erred in permitting her motion for new trial to be overruled by operation of law.

■ After adequate time for discovery, a party may move for summary judgment

on the ground that there is no evidence of one or more essential elements of a claim. Tex.R. Civ. P. 166a(i). The court must grant the motion unless the respondent produces summary judgment evidence raising a genuine issue of material fact. *Id.* We review a no-evidence summary judgment by construing the record in the light most favorable to the nonmovant and disregarding all contrary evidence and inferences. *KPMG Peat Marwick v. Harrison County Hous. Fin. Corp.*, 988 S.W.2d 746, 748 (Tex.1999); *Keo v. Vu*, 76 S.W.3d 725, 730 (Tex.App.-Houston [1st Dist.] 2002, pet. filed).

■ Patriacca's first three issues all rest on the same flawed premise: that the trial court rendered summary judgment on a ground that was not stated in Frost's motion. Specifically, Patriacca argues that, although Frost's motion was based solely upon her failure to timely designate medical experts, the trial court rendered judgment based on the absence of an expert affidavit. We reject such a narrow reading of Frost's motion for summary judgment. The motion provides in pertinent part:

> To date Plaintiff has failed to designate a qualified medical doctor who will express any criticism of the care and treatment rendered by Defendant in this case to Plaintiff or that proximately links Plaintiff's claimed damages to any alleged negligence on the part of this Defendant.
>
> Under Texas law, a plaintiff must produce expert medical testimony to support a claim of medical malpractice. *Bowles v. Bourdon*, 148 Tex. 1, 219 S.W.2d 779, 782 (1949). Furthermore, Texas law presumes that a physician has properly discharged his duty to a patient. *Kaster v. Woodson*, 123 S.W.2d 981 (Tex.Civ.App.-Austin 1939, writ ref'd). Thus, in order to overcome the

presumption and defeat a motion for summary judgment, a plaintiff must show by expert medical testimony that: (i) a Defendant-doctor breached the standard of care owed to the plaintiff *and* (ii) that such breach proximately caused plaintiff damages. *Hart v. Van Zandt*, 399 S.W.2d 791 (Tex.1966); *Bowles*, 219 S.W.2d at 782. Plaintiff has wholly failed to produce any such evidence to overcome the above stated presumption.

> Plaintiff has proffered no evidence in support of two essential elements of her medical negligence claim against Defendant. Therefore, as a matter of law Defendant is entitled to summary judgment pursuant to Tex.R. Civ. P. 166a(i).

Frost's motion clearly rests not only on Patriacca's failure to designate expert witnesses, but also on her failure to provide evidence in support of the claim for malpractice. In her response to the motion, Patriacca focused exclusively on the trial court's docket control order and the misdirection of her designation of experts to Frost's former counsel. She did not address the *consequence* of not designating experts—the failure to offer evidence of the essential elements of her malpractice claim. She attached to her response only the page purportedly designating expert witnesses, as discussed previously. She did not attach the necessary summary judgment evidence—an affidavit from a medical expert identifying in what manner Frost allegedly breached the standard of care. Moreover, Levine's expert report, prepared to satisfy the requirements of article 4590i, could not be considered by the trial court because such reports are not admissible summary judgment evidence. Tex.Rev.Civ. Stat. Ann. art. 4590i, § 13.01; *Trusty*, 87 S.W.3d at 761–62; *Garcia v. Willman*, 4 S.W.3d 307, 310 (Tex.App.-Corpus Christi 1999, no pet.).

Proper summary judgment proof would have consisted of a sworn affidavit from a medical expert whose qualifications were delineated in the affidavit. TEX.REV.CIV. STAT. ANN. art. 4590i, § 13.01(k); *Garcia,* 4 S.W.3d at 310. Patriacca eventually submitted such an affidavit, but not in time to defeat summary judgment.

■ We agree that, in an appeal from a summary judgment, the issues reviewed by this Court must have been actually presented to and considered by the trial court. *Travis v. City of Mesquite,* 830 S.W.2d 94, 100 (Tex.1992). A summary judgment cannot be affirmed on a ground not specifically presented in the motion for summary judgment. *Id.*

Here, the motion raised the issue of whether Patriacca had provided evidence of the elements of her malpractice claim. Because this issue was not, as Patriacca characterizes it, a "new, independent, and separate basis" for summary judgment, there was no need for the trial court to grant Patriacca an additional 21 days to respond or to set the motion for a new submission or hearing.

Given the motion and Patriacca's response to it, the trial court did not err in rendering summary judgment. We overrule issues one, two, and three.

### Motion for New Trial

In her fourth issue, Patriacca contends that the trial court erred when it allowed her meritorious motion for new trial to be overruled by operation of law. Specifically, she argues that this motion was her first opportunity to respond to the court's basis for rendering summary judgment and that the expert affidavit she attached to her motion for new trial was newly-discovered evidence.

■ We review a trial court's denial of a motion for new trial based on newly-discovered evidence under an abuse of discretion standard and we indulge every reasonable presumption in favor of the trial court's refusal to grant a new trial. *Jackson v. Van Winkle,* 660 S.W.2d 807, 809–10 (Tex.1983). We have already determined that the motion for summary judgment raised the issue of expert testimony. Thus, this was not Patriacca's first opportunity to address the issue. Moreover, the expert affidavit does not qualify as newly-discovered evidence. Newly discovered evidence is evidence that was not, and could not have been, discovered using reasonable diligence. *Id.* Patriacca used the same expert—Andrew Levine—to prepare the affidavit she submitted with her motion for new trial that she had used months before to prepare the expert's report to comply with article 4590i. Clearly, the affidavit could have been obtained earlier; thus, it did not qualify as newly-discovered evidence. Accordingly, the trial court did not abuse its discretion when it did not grant the motion for new trial.

We overrule the fourth issue.

We affirm the trial court's judgment.