Opinion issued August 17, 2006












    





In The
Court of Appeals
For The
First District of Texas




NO. 01-04-00419-CV




CAROLYN BOWEN LEWIS AND CAROLYN BOWEN LEWIS, INC.
D/B/A BETTER HOMES AND GARDENS, Appellants

V.

PEARLAND PLAZA PARTNERS, Appellee




On Appeal from 
County Court at Law No. 1
Brazoria County, Texas
Trial Court Cause No. 28949





MEMORANDUM OPINION

          In this landlord–tenant dispute, the trial court rendered judgment in favor of
appellee, Pearland Plaza Partners (Pearland), and awarded it $56,465.83 for unpaid
rent, attorney’s fees, interest, and costs of court. The judgment was entered against
appellants, Carolyn Bowen Lewis (Lewis), individually, and Carolyn Bowen Lewis,
Inc. D/B/A Better Homes and Gardens (the Corporation). In their fourth issue, Lewis
and the Corporation challenge the trial court’s rendition of summary judgment against
them concerning their defense of breach of the implied warranty of suitability for
intended purposes and assert further that the trial court erred in denying their
summary judgment motion. We conclude that the trial court erred by rendering
summary judgment against Lewis and the Corporation and therefore reverse the
judgment and remand the cause.



Factual and Procedural Background
          Pearland was the developer of a new shopping center in Pearland, Texas. On
May 1, 1998, before the construction was complete and the spaces within the center
had been assigned street addresses, Lewis entered into a lease for the Corporation. 
Lewis personally guaranteed the Corporation’s obligations under the terms of the
lease. The lease had a term of 60 months, commencing June 1, 1998.
          While negotiating the lease, Lewis and the realtor listing the property thought
that the space would carry the address of “7111 West Broadway,” and a lease was
signed for the address. After the lease was signed, however, the premises that Lewis
had agreed to lease was assigned the number 7109, rather than 7111. 
          About seven months after Lewis had moved into the premises at 7109 West
Broadway, Lewis signed a Tenant Estoppel Certificate, which stated that 7109 West
Broadway was the property leased, that it had been delivered by Pearland “pursuant
to the terms of the lease,” and that there was no existing default. Lewis and the
Corporation occupied the premises for over three years and paid rent until
approximately September 1, 2001, when they abandoned the premises and declined
to pay rent from August 2001 through the end of the lease term. 
          Pearland filed suit against Lewis and the Corporation for breach of contract. 
Lewis and the Corporation answered Pearland’s lawsuit by general denial and by
asserting defenses that Pearland’s claims were barred by (1) failure of consideration,
(2) failure to mitigate any alleged damages, (3) the statute of frauds, and (4)
Pearland’s breach of its implied warranty of suitability for intended purposes in a
commercial lease. Additionally, in Lewis’s answer, she denied that she was indebted
to Pearland for the debt.
          Pearland sought a traditional summary judgment on its breach of contract claim
through a motion entitled “First Amended Motion for Summary Judgment.” See Tex.
R. Civ. P. 166a(c). Pearland also moved to reform the lease agreement to reflect the
proper address, on the basis of mutual mistake of the parties. In that same motion,
Pearland also asserted a no-evidence motion for summary judgment on Lewis and the
Corporation’s affirmative defenses of statute of frauds, failure of consideration,
failure to mitigate, and breach of implied warranty of suitability for intended purposes
in a commercial lease. See Tex. R. Civ. P. 166(a)(i).
           Lewis and the Corporation responded by filing a “Response to Plaintiff’s
Motion for Summary Judgment and Cross-Motion for Summary Judgment,” which
asserted that Pearland’s breach of contract claim was barred by (1) the statute of
frauds and (2) Pearland’s breach of the implied warranty of suitability for intended
purposes. Additionally, Lewis objected to Pearland’s summary judgment evidence. 
Lewis and the Corporation filed a “First Supplemental Response to Plaintiff’s First
Amended Motion for Summary Judgment,” which asserted that (1) Pearland’s no-evidence motion for summary judgment fails because it did not specify which element
or elements of appellants’ defenses were being challenged and (2) Pearland is not
entitled to the equitable remedy of reformation, which Pearland asserted to attempt
to defeat the statute of frauds affirmative defense. 
          The trial court’s judgment does not specify the grounds on which summary
judgment was rendered. The judgment orders that all relief requested by Pearland be
granted and that all relief requested and not expressly granted be denied. 
Implied Warranty of Suitability for Intended Purposes 
          In their fourth issue, Lewis and the Corporation assert that the trial court erred
(1) by granting Pearland’s no-evidence motion for summary judgment because they
produced more than a scintilla of evidence regarding Pearland’s alleged breach of the
implied warranty of suitability and (2) by failing to grant their traditional summary
judgment motion on the defense that Pearland breached its implied warranty of
suitability for intended purposes. 
          The implied warranty of suitability for intended purposes “means that at the
inception of the lease there are no latent defects in the facilities that are vital to the
use of the premises for their intended commercial purpose and that these essential
facilities will remain in a suitable condition.” Davidow v. Innwood N. Prof’l
Group–Phase 1, 747 S.W.2d 373, 377 (Tex. 1988). However, the parties to a lease
may expressly agree that the tenant will repair certain defects. Id. The question of
whether a breach of this warranty has occurred is ordinarily one of fact, with a
number of factors to be considered. Id. These factors include the nature of the defect,
the effect that the defect had on the tenant’s use, the amount of the rent, and whether
the tenant waived any defects. Id.
The No-Evidence Motion for Summary Judgment Filed by Pearland
          After adequate time for discovery, a party may move for summary judgment
on the ground that there is no evidence of one or more essential elements of a claim
or defense on which the opposing party has the burden of proof. Tex. R. Civ. P.
166a(i). In a no-evidence motion for summary judgment, the movant must
specifically state the elements as to which there is no evidence. Id. The trial court
must grant the motion unless the nonmovant produces summary judgment evidence
raising a genuine issue of material fact. Id. We review a no-evidence summary
judgment by construing the record in the light most favorable to the nonmovant and
disregarding all contrary evidence and inferences. Patriacca v. Frost, 98 S.W.3d 303,
306 (Tex. App.—Houston [1st Dist.] 2003, no pet.). A trial court improperly renders
a no-evidence summary judgment if the nonmovant presents more than a scintilla of
probative evidence to raise a genuine issue of material fact. Greathouse v. Alvin
Indep. Sch. Dist., 17 S.W.3d 419, 423 (Tex. App.—Houston [1st Dist.] 2000, no pet.). 
More than a scintilla of evidence exists when the evidence “would allow reasonable
and fair-minded people to differ in their conclusions.” Forbes Inc. v. Granada
Biosciences, Inc., 124 S.W.3d 167, 172 (Tex. 2003). We review summary judgments
de novo. Valence Operating Co. v. Dorsett, 164 S.W.3d 656, 661 (Tex. 2005).          Pearland filed a motion for summary judgment that asserted that there was no
evidence that it had breached the implied warranty of suitability, which was a defense 
asserted by Lewis and the Corporation. In response to the no-evidence motion for
summary judgment, Lewis and the Corporation contended that the Corporation
encountered numerous problems with the property that caused problems for its
employees and customers. In support of that contention, Lewis and the Corporation
presented summary judgment evidence that
•heavy smoke entered the premises from a shared attic and a poor
ventilation system, which made the air odorous, stained the
carpet, and made it undesirable for employees to work on the
premises; 
 
•an ongoing insect and rodent infestation resulted in the
Corporation’s (1) being unable to keep food in the premises, (2)
having to constantly set out traps and baits, and (3) closing the
business when a secretary employed by the Corporation was so
terrified of the rodents that she locked up the office and left;
  
•the air conditioning and heating system was inadequate and
under-sized for the office space, which resulted in high utility
bills, ongoing service expenses, significant discomfort to
employees and customers of the Corporation, and numerous
occasions when the heat would not work during freezes and the
air conditioning would not work when it was hot;
 
•a portion of the premises that were near the back wall were
unusable because the concrete wall “sweated when it rained,”
causing the formation of mold, dampening the carpet, wetting the 
sheetrock, causing the sink in the bathroom to fall off the wall,
causing paint to run down the wall, and causing everything
around the wall to become soggy.
          Pearland asserts that Lewis’s testimony “is a farce” and is also “wholly
conclusory.” However, the evidence as outlined above is not conclusory. Moreover,
when the evidence is viewed in favor of the nonmovants, Lewis and the Corporation,
more than a scintilla of evidence shows that Pearland breached the implied warranty
of suitability by providing premises that had an ongoing insect and rodent infestation,
had inadequate air conditioning and heating, had problems with moisture penetrating
a wall when it rained, and allowed the entry of smoke into the premises. We therefore
hold that the trial court erred by granting Pearland’s no-evidence motion for summary
judgment. We sustain this portion of Lewis and the Corporation’s fourth issue.
Traditional Motion for Summary Judgment Filed by Lewis and the Corporation
          Although we have determined that there is more than a scintilla of evidence
that Pearland breached the implied warranty of suitability, Lewis and the Corporation
contend that we should further hold that they presented conclusive summary
judgment evidence proving that Pearland breached the implied warranty of suitability. 
Where parties have filed cross-motions for summary judgment and the trial court
grants one motion and denies the other, “we can consider both motions, their
evidence, and their issues and may render the judgment that the trial court should
have rendered.” See Malcomson Road Util. Dist. v. Newsom, 171 S.W.3d 257, 263
(Tex. App.—Houston [1st Dist.] 2005, pet. filed) (citing CU Lloyd’s of Tex. v.
Feldman, 977 S.W.2d 568, 569 (Tex. 1998)). Thus, we next address whether the trial
court erroneously denied Lewis and the Corporation’s rule 166a(c) motion for
summary judgment.
          Summary judgment is proper only when the movant establishes that there is no
genuine issue of material fact and that the movant is entitled to judgment as a matter
of law. Tex. R. Civ. P. 166a(c). The motion must state the specific grounds relied
upon for summary judgment. Id. In reviewing a traditional summary judgment, we
must indulge every reasonable inference in favor of the nonmovant, take all evidence
favorable to the nonmovant as true, and resolve any doubts in favor of the
nonmovant. Valence, 164 S.W.3d at 661. 
          Lewis and the Corporation’s traditional motion for summary judgment asserted
that they were entitled to judgment in their favor because Pearland had breached the
implied warranty of suitability in a commercial lease by providing inadequate air
conditioning, providing walls and ceilings between leased spaces that were
inadequate to keep out smoke from neighboring tenants’ premises, allowing insect
and rodent infestation, and allowing moisture and mold on the premises. Although
Lewis and the Corporation have introduced more than a scintilla of evidence to show
that Pearland breached the implied warranty of suitability, they have not established
their complaints as a matter of law, and thus the trial court did not err by denying the
traditional motion for summary judgment. See Tex. R. Civ. P. 166a(c). 
           Pearland’s evidence shows that Lewis signed the Tenant Estoppel Certificate
on March 30, 1999, seven months after she had moved into the premises. The Tenant
Estoppel Certificate states that, as of that time, there was no existing default on the
lease on the part of the landlord or tenant; that all duties of an inducement nature
required of the landlord in the lease had been fulfilled; that the improvements and
space required to be furnished by the terms of the lease had been completed in all
respects to Lewis’s satisfaction; and that the premises were open for use by Lewis,
her customers, employees and invitees. Pearland also contends that Lewis is
fabricating problems that never existed or that were so minor that she never
complained about the condition of the premises until she stopped paying rent. 
          Taking as true all evidence favorable to Pearland, the nonmovant of the motion, 
indulging every reasonable inference in Pearland’s favor, and resolving any doubts
in Pearland’s favor, we conclude that there is a fact issue regarding whether there was
a breach by Pearland of the implied warranty of suitability. See Davidow, 747
S.W.2d at 377 (noting that breach of implied warranty of suitability is ordinarily one
of fact, dependent upon several factors). We therefore hold that the trial court did not
err by denying Lewis and the Corporation’s traditional motion for summary judgment
that alleged that Pearland had breached the implied warranty of suitability. We
overrule this portion of Lewis and the Corporation’s fourth issue. 
Conclusion
          Having held that a fact issue regarding Lewis and the Corporations’s
affirmative defense of breach of the implied warranty of suitability precludes
summary judgment, we need not address their other issues. We reverse the judgment
of the trial court and remand this cause for proceedings not inconsistent with this
opinion.



                                                             Elsa Alcala
                                                             Justice

Panel consists of Chief Justice Radack and Justices Jennings and Alcala.