Opinion issued November 1, 2007












     








In The
Court of Appeals
For The
First District of Texas




NO. 01-06-00304-CV




CURTIS COLE, Appellant

V.

CRAIG CASSEL, Appellee




On Appeal from the 281st District Court
Harris County, Texas
Trial Court Cause No. 2005-36591




MEMORANDUM OPINION
          Appellant, Curtis Cole, appeals a take-nothing summary judgment rendered in
favor of Craig Cassel, appellee, in Cole’s suit for deceptive trade practices, breach of
contract, common law fraud, real estate fraud, negligent misrepresentation, and
detrimental reliance resulting from a failed real estate contract.


 We conclude that the
trial court properly rendered summary judgment in favor of Cassel on Cole’s
deceptive trade practices claim and that Cole waived his other challenges due to
inadequate briefing. We affirm the judgment of the trial court.
Background
          Cassel bought a multi-unit apartment complex at a foreclosure sale on May 6,
2003. That same day, Cassel met Cole, who said that he wanted to purchase the
property and claimed to have a quitclaim interest in the property. After conducting
research, Cassel determined that Cole did not have any legal interest in the property.
          Three days after the initial meeting, Cole and Cassel entered into an earnest
money contract for the sale of the property for $170,000. Under the terms of the
contract, Cole was to deposit $1,000 earnest money with America Title and the
closing on the sale was scheduled for May 30, 2003. The contract stated that if Cole
failed to deposit the earnest money, he would be in default. The contract also stated
that Cassel was to pay Cole up to $40,000 for Cole’s expenses in making repairs to
the property. The repairs were a requirement of Cole’s lender. Cole and Cassel
entered into a lease agreement for one month so that Cole could complete the repairs.
          In July of 2003, Cole completed all of the lender-required repairs and
approached Cassel about closing on the property. Cassel refused to close on the
property. Cassel asserted that the contract “had expired” because they had not closed
on May 30, 2003, which was the closing date listed in the contract. Cassel then told
Cole that he could sign a new contract with a purchase price of $200,000.
          Cole filed suit against Cassel for deceptive trade practices, breach of contract,
common law fraud, real estate fraud, negligent misrepresentation, and detrimental
reliance. In Cassel’s response, he generally denied all of Cole’s claims and pleaded
the affirmative defenses of statute of frauds, statute of limitations, estoppel, failure
of consideration, election of remedies, res judicata, and collateral estoppel. Cassel
also filed a counter-claim against Cole for attorney’s fees pursuant to Chapter 38 of
the Texas Civil Practice and Remedies Code. After the expiration of the time allotted
for discovery, Cassel filed a motion for summary judgment and a no-evidence motion
for summary judgment on all six claims. Cole did not respond to the motion. 
Without specifying the grounds, the trial court granted Cassel’s motion for summary
judgment.
Deceptive Trade Practices Act Claim
            On appeal, Cole challenges the evidence concerning the deceptive trade
practices claim by asserting that there is some evidence to establish the elements of
the claim. 
A. No-Evidence Summary Judgment Standard of Review 
          We review a trial court’s grant of summary judgment de novo. Valence
Operating Co. v. Dorsett, 164 S.W.3d 656, 661 (Tex. 2005). In a Rule 166a(i)
no-evidence summary judgment, the movant represents that no evidence exists as to
one or more essential elements of the non-movant’s claims, upon which the
non-movant would have the burden of proof at trial. Tex. R. Civ. P. 166a(i). The
non-movant must then present evidence raising a genuine issue of material fact on the
challenged elements. Id. We review a no-evidence summary judgment by construing
the record in the light most favorable to the non-movant and disregarding all contrary
evidence and inferences. Patriacca v. Frost, 98 S.W.3d 303, 306 (Tex.
App.—Houston [1st Dist.] 2003, no pet.). We must determine whether the non-movant produced more than a scintilla of probative evidence to raise a genuine issue
of material fact. Jackson v. Fiesta Mart, Inc., 979 S.W.2d 68, 70–71 (Tex.
App.—Austin 1998, no pet.). More than a scintilla of evidence exists if the evidence
“rises to a level that would enable reasonable and fair-minded people to differ in their
conclusions.” King Ranch, Inc. v. Chapman, 118 S.W.3d 742, 751 (Tex. 2003)
(quoting Merrell Dow Pharms., Inc. v. Havner, 953 S.W.2d 706, 711 (Tex. 1997)). 
If the evidence does no more than create a mere surmise or suspicion of fact, less than
a scintilla of evidence exists. Id.; Macias v. Fiesta Mart, Inc., 988 S.W.2d 316, 317
(Tex. App.—Houston [1st Dist.] 1999, no pet.). 
B. No-Evidence Challenge to Proof of Producing Cause
          In his petition, Cole states that Cassel violated the Deceptive Trade Practices
Act (DTPA) by engaging in an unconscionable course of action. In order to prevail
on a DTPA claim, a plaintiff must show: (1) the plaintiff is a consumer, (2) the
defendant engaged in false, misleading, or deceptive acts, and (3) these acts were a
producing cause of the consumer plaintiff’s damages. Tex. Bus. & Com. Code Ann.
§ 17.50(a) (Vernon Supp. 2006); see also Doe v. Boys Clubs of Greater Dallas, Inc.,
907 S.W.2d 472, 478 (Tex. 1995). 
          In his motion for summary judgment, Cassel asserts that Cole provided no
evidence that Cassel was the producing cause of his injury.


 Cole failed to respond
with any evidence of his consumer status or producing cause in response to the
motion for summary judgment as required under Rule 166a(i). See Tex. R. Civ. P.
166a(i); King Ranch, Inc., 118 S.W.3d at 751. Because Cole failed to establish that
there is a genuine issue of material fact on the challenged element of producing cause,
his DTPA claim fails. King Ranch, Inc., 118 S.W.3d at 751. Accordingly, we hold
that summary judgment in favor of Cassel was proper with respect to Cole’s DTPA
claim.Waiver of Appeal
          In his remaining appellate challenges, Cole complains of the judgment
concerning his claims for breach of contract, common law fraud, real estate fraud,
detrimental reliance, and negligent misrepresentation. Texas Rule of Appellate
Procedure 38.1(h) requires that an appellant’s brief “must contain a clear and concise
argument for the contentions made, with appropriate citations to authorities and to the
record.” Tex. R. App. P. 38.1(h). “Rule 38 requires [a party] to provide us with such
discussion of the facts and the authorities relied upon as may be requisite to maintain
the point at issue.” Morrill v. Cisek, 226 S.W.3d 545, 548 (Tex. App.—Houston [1st
Dist.] 2006, no pet.) (internal quotation marks omitted) (quoting Tesoro Petroleum
Corp. v. Nabors Drilling USA, Inc., 106 S.W.3d 118, 128 (Tex. App.—Houston [1st
Dist.] 2002, pet. denied)). “This is not done by merely uttering brief conclusory
statements, unsupported by legal citations.” Id. “Issues on appeal are waived if an
appellant fails to support his contention by citations to appropriate authority or cites
only to a single non-controlling case.” Abdelnour v. Mid Nat’l Holdings, Inc., 190
S.W.3d 237, 241 (Tex. App.—Houston [1st Dist.] 2006, no pet.); Daniel v. Falcon
Interest Realty Corp., 190 S.W.3d 177, 189 (Tex. App.—Houston [1st Dist.] 2005,
no pet.). 
          In his briefing concerning his claims for breach of contract, common law fraud,
real estate fraud, detrimental reliance, and negligent misrepresentation, Cole does not
make a clear argument or present a single citation to a supporting authority or the
record. We hold that Cole has waived his challenges to the judgment on these issues
due to inadequate briefing. See Tex. R. App. P. 38.1(h); Wheeler v. Methodist Hosp.,
95 S.W.3d 628, 646 (Tex. App.—Houston [1st Dist.] 2002, no pet.).
Conclusion
          We affirm the judgment of the trial court.
 
 
                                                                        Elsa Alcala
                                                                        Justice
 
Panel consists of Chief Justice Radack and Justices Alcala and Bland.