Opinion issued December 20, 2007










In The
Court of Appeals
For The
First District of Texas
____________

NO. 01-06-00379-CV
____________

ELSA GARCIA, Appellant

V.

PACKAGED ICE, INC., A/K/A REDDY ICE and CURTIS DEAN BELL,
INDIVIDUALLY AND D/B/A CURTIS DEAN BELL DISTRIBUTING
COMPANY, Appellees




On Appeal from the 164th District Court 
Harris County, Texas
Trial Court Cause No. 2003-03458




MEMORANDUM OPINION
          Elsa Garcia appeals the trial court’s granting summary judgment on her claims
against appellees, Packaged Ice, Inc., a/k/a Reddy Ice (“Packaged Ice”) and Curtis
Dean Bell, individually and d/b/a Curtis Dean Bell Distributing Company (“Bell”),
for injuries that she allegedly sustained while working at a Fiesta Mart when she
slipped on a floor made wet by bags of ice that had dripped during delivery. We
consider whether Garcia raised a genuine issue of material fact on her claims. We
affirm.
BackgroundGarcia was employed as a cashier for Fiesta Mart when, on May 5, 2001, she
slipped in a puddle of water and fell to the ground. The water had accumulated
during the delivery of bags of ice manufactured by Packaged Ice.
          Garcia filed suit against Fiesta Mart, Inc. and Packaged Ice on January 23,
2003, alleging negligence in allowing the water to accumulate. On February 2, 2004,
Fiesta Mart moved for summary judgment, which the trial court granted. Garcia does
not appeal that order. On November 24, 2004, Packaged Ice filed a traditional motion
for summary judgment and a no-evidence motion, arguing that it did not owe a duty
to Garcia because it did not own, operate, or occupy the premises on which Garcia
was injured, nor did it have the right to control Fiesta Mart employees. Packaged Ice
also established that it had no employees at Fiesta Mart on the day of the incident. 
Packaged Ice argued that it was entitled to summary judgment because it conclusively
established the absence of any duty to Garcia. 
          Attached to Packaged Ice’s traditional motion for summary judgment was the
affidavit of Lee Hatch, corporate human resources and fleet manager, which
established that (1) Packaged Ice did not own, occupy, or control the Fiesta Mart
where Garcia fell; (2) Packaged Ice had no contract with Fiesta Mart; (3) Packaged
Ice did not have an employee at Fiesta Mart on the day that Garcia fell; and (4)
Packaged Ice never exerted control over the distributor who delivered ice to Fiesta
Mart on the day that Garcia fell.
          In its no-evidence motion, Packaged Ice asserted that Garcia could not establish
any elements of her allegations against Packaged Ice, including that (1) Packaged Ice
owned, occupied, or controlled the premises in question; (2) Packaged Ice had actual
or constructive knowledge of any allegedly dangerous condition at Fiesta Mart on the
day of Garcia’s fall; (3) Packaged Ice failed to exercise reasonable care to reduce a
risk associated with any dangerous condition; and (4) any negligence of Packaged Ice
was the proximate cause of any injuries sustained by Garcia.
          In response, Garcia asserted that Packaged Ice owed Garcia a duty of ordinary
care, which it breached by not properly monitoring the water leakage that occurred
during the delivery of its product. The court granted Packaged Ice’s motion for
summary judgment on June 2, 2005 without indicating the grounds for its ruling.
          Garcia amended her petition on October 26, 2005 and named Bell as a
defendant. An employee for Bell had delivered the ice to Fiesta Mart on the day that
Garcia fell. However, because the cause of action had accrued more than four years
prior to Garcia’s filing of the amended petition, Bell filed a motion for summary
judgment asserting that limitations barred Garcia’s claims. Garcia responded that the
statute of limitations was tolled because she exercised due diligence to discover
Bell’s existence and failed to file suit against Bell timely through no fault of her own. 
The trial court granted Bell’s motion for summary judgment on February 20, 2006.


 
Standard of Review
          In the appeal from a traditional summary judgment, we determine whether the
movant met its summary judgment burden by establishing that no genuine issue of
material fact exists and that the movant is entitled to judgment as a matter of law. 
Tex. R. Civ. P. 166a(c); KPMG Peat Marwick v. Harrison County Hous. Fin. Corp.,
988 S.W.2d 746, 748 (Tex. 1999); City of Houston v. Clear Creek Basin Auth., 589
S.W.2d 671, 678 (Tex. 1979). We accept as true all evidence that supports the non-movant, indulge every reasonable inference in favor of the non-movant, and resolve
any doubts in favor of the non-movant. Am. Tobacco Co. v. Grinnell, 951 S.W.2d
420, 425 (Tex. 1997). To be entitled to summary judgment on an affirmative defense
such as limitations, the movant must conclusively prove all of the elements of the
defense. Univ. of Houston v. Clark, 38 S.W.3d 578, 580 (Tex. 2000). 
          In a rule 166a(i) no-evidence summary judgment, the movant represents that
no evidence exists as to one or more essential elements of the non-movant’s claims,
upon which the non-movant would have the burden of proof at trial. Tex. R. Civ. P.
166a(i). The non-movant must then present evidence raising a genuine issue of
material fact on the challenged elements. Id. We review a no-evidence summary
judgment by viewing the evidence in the light most favorable to the non-movant and
disregarding all contrary evidence and inferences. Patriacca v. Frost, 98 S.W.3d 303,
306 (Tex. App.—Houston [1st Dist.] 2003, no pet.). 
          We review a trial court’s grant of summary judgment de novo. Valence
Operating Co. v. Dorsett, 164 S.W.3d 656, 661 (Tex. 2005). The motion must state
the specific grounds relied upon for summary judgment. Tex. R. Civ. P. 166a(c). In
other words, we will not affirm a summary judgment on a ground not included in the
motion for summary judgment. Travis v. City of Mesquite, 830 S.W.2d 94, 100 (Tex.
1992). When, as here, a trial court does not state the reasons for its ruling, the
judgment will be upheld upon any theory alleged in the motion. Harwell v. State
Farm Mut. Auto. Ins. Co., 896 S.W.2d 170, 173 (Tex. 1995). 
          We must determine whether the non-movant produced more than a scintilla of
probative evidence to raise a genuine issue of material fact. Jackson v. Fiesta Mart,
Inc., 979 S.W.2d 68, 70–71 (Tex. App.—Austin 1998, no pet.). More than a scintilla
of evidence exists if the evidence “rises to a level that would enable reasonable and
fair-minded people to differ in their conclusions.” King Ranch, Inc. v. Chapman, 118
S.W.3d 742, 751 (Tex. 2003) (quoting Merrell Dow Pharms., Inc. v. Havner, 953
S.W.2d 706, 711 (Tex. 1997)). If the evidence does no more than create a mere
surmise or suspicion of fact, less than a scintilla of evidence exists. Id.; Macias v.
Fiesta Mart, Inc., 988 S.W.2d 316, 317 (Tex. App.—Houston [1st Dist.] 1999, no
pet.).
          Packaged Ice’s Summary Judgment
          Although Garcia recognizes that it was an employee of Bell who delivered the
ice that she claims melted and caused a hazardous condition, which resulted in her
injury, she nevertheless contends on appeal that Bell’s employee was an agent of
Packaged Ice and that Packaged Ice is, therefore, vicariously liable for her injuries. 
Garcia contends that Bell’s employee worked “under the authorization and direction
of [Packaged] Ice, as to delivery, time, place and manner.” Therefore, Garcia asserts,
Packaged Ice is vicariously liable for Bell’s employee’s actions. Packaged Ice
contends that Garcia failed to assert her theory of vicarious liability in her summary
judgment response and, therefore, waived this argument on appeal. See McMahan
v. Greenwood, 108 S.W.3d 467, 483 (Tex. App.—Houston [14th Dist.] 2003, pet.
denied). 
          The non-movant must expressly present to the trial court, by written answer or
response, any issues defeating the movant’s entitlement to summary judgment. City
of Houston, 589 S.W.2d at 678 (“The written answer or response to the motion must
fairly apprise the movant and the court of the issues the non-movant contends should
defeat the motion.”). However, traditional summary judgments must stand or fall on
their own merits, and the non-movant’s failure to answer or to respond cannot supply
by default the summary judgment proof necessary to establish the movant’s right. Id. 
If a non-movant fails to present any issues in its response or answer, the movant’s
right is not established, and the movant must still establish its entitlement to summary
judgment. The effect of such a failure is that the non-movant is limited on appeal to
arguing the legal sufficiency of the grounds presented by the movant. Id. The non-movant “must . . . present to the trial court those issues that would defeat the
movant’s right to a summary judgment and failing to do so, may not later assign them
as error on appeal.” Id.; see Lewis v. Adams, 979 S.W.2d 831, 835 (Tex.
App.—Houston [14th Dist.] 1998, no pet.); see also McConnell v. Southside Indep.
Sch. Dist., 858 S.W.2d 337, 341 (Tex. 1993). 
          Garcia did not assert her theory of agency and vicarious liability before the trial
court. We hold that Garcia failed to preserve this issue for appellate review. 
Furthermore, Garcia fails to cite to any evidence in the record to support her assertions
that Bell’s employee’s actions were controlled by Packaged Ice.


 
          Bell’s Summary Judgment
          Bell asserted in its summary judgment motion that suit was barred by the statute
of limitations, establishing that the cause of action accrued more than four years prior
to Garcia’s filing suit against Bell.


 Garcia contends on appeal that her claims should
not be barred because the statute of limitations was tolled.
          A person must bring suit for personal injury not later than two years after the
day that the cause of action accrues. Tex. Civ. Prac. & Rem. Code Ann. § 16.003(a)
(Vernon Supp. 2007). A defendant moving for summary judgment on the affirmative
defense of limitations has the burden to conclusively establish that defense, including
the accrual date of the cause of action. Id.; see also Provident Life & Acc. Ins. Co. v.
Knott, 128 S.W.3d 211, 220 (Tex. 2003). If the movant establishes that the statute of
limitations bars the action, the non-movant must then adduce summary judgment proof
raising a fact issue in avoidance of the statute of limitations. KPMG Peat Marwick v.
Harrison County Housing Finance Corp., 988 S.W.2d 746, 748 (Tex. 1999). 
          Accrual of a cause of action is deferred in two types of cases: (1) those
involving fraud or fraudulent concealment and (2) those in which the injury is
“inherently undiscoverable” and is “objectively verified.” S.V. v. R.V., 933 S.W.2d 1,
6 (Tex. 1996); Computer Assocs. Int’l, Inc. v. Altai, Inc., 918 S.W.2d 453, 456 (Tex.
1996). The Texas Supreme Court has said that the commission of fraud or fraudulent
concealment works to estop a defendant from asserting limitations as a defense
because “a person cannot be permitted to avoid liability for his actions by deceitfully
concealing wrongdoing until limitations has run.” S.V., 933 S.W.2d at 6; Slusser v.
Union Bankers Ins. Co., 72 S.W.3d 713, 719 (Tex. App.—Eastland 2002, no pet.). 
Fraudulent concealment tolls the statute of limitations until the injured party, using
reasonable diligence, discovered or should have discovered the injury. KPMG Peat
Marwick, 988 S.W.2d at 750.
A.      Fraudulent Concealment
          The elements of fraudulent concealment are (1) the existence of the underlying
tort; (2) the defendant’s knowledge of the tort; (3) the defendant’s use of deception to
conceal the tort; and (4) the plaintiff’s reasonable reliance on the deception. Glover
v. Union Pac. R.R. Co., 187 S.W.3d 201, 217 (Tex. App.—Texarkana 2006, pet.
denied); Mitchell Energy Corp. v. Bartlett, 958 S.W.2d 430, 439 (Tex. App.—Fort
Worth 1997, pet. denied).
           A party asserting fraudulent concealment as an affirmative defense to the
statute of limitations has the burden to raise it in response to the summary judgment
motion and to come forward with summary judgment evidence raising a fact issue on
each element of the fraudulent concealment defense. KPMG Peat Marwick, 988
S.W.2d at 748. Garcia did not raise the argument of fraudulent concealment in her
summary judgment response and brought forth no evidence of fraudulent concealment
by Bell or Packaged Ice.


 Thus, her argument that the statute of limitations was tolled
by fraudulent concealment is not preserved.
B.      The Discovery Rule
          The discovery rule defers accrual of a cause of action until the plaintiff knew
or, exercising reasonable diligence, should have known of the facts giving rise to the
cause of action. Computer Assocs. Int’l, Inc., 918 S.W.2d at 455. However, the
discovery rule applies only in certain limited circumstances. Id. at 456. Generally,
application has been permitted in cases in which the nature of the injury incurred is
inherently undiscoverable and the evidence of the injury is objectively verifiable. See
id. The requirement of inherent undiscoverability recognizes that the discovery rule
exception should be permitted only when “it is difficult for the injured party to learn
of the negligent act or omission.” Willis v. Maverick, 760 S.W.2d 642, 645 (Tex.
1988). 
          The discovery rule defers accrual of a cause of action “until a plaintiff discovers
or, through the exercise of reasonable care and diligence, should discover the ‘nature
of his injury.’” Childs v. Haussecker, 974 S.W.2d 31, 40 (Tex. 1998). Discovering the
nature of the injury “requires knowledge of the wrongful act and the resulting injury.”
Id. “Thus, when the discovery rule applies, accrual is tolled until a claimant discovers
or in the exercise of reasonable diligence should have discovered the injury and that
it was likely caused by the wrongful acts of another.” Id. “[O]nce these requirements
are satisfied, limitations commences, even if plaintiff does not know the exact identity
of the wrongdoer.” Id. (emphasis added).
          Garcia provided no evidence to support a delay in the accrual of the statute of
limitations under the discovery rule. Garcia’s reliance on lack of knowledge of the
wrongdoer does not suffice. Thus, the trial court properly granted summary judgment
in favor of Bell on the basis that the statute of limitations had run prior to Garcia’s
asserting a claim against Bell.
 
 
 Conclusion
          We affirm the judgment of the trial court.
 
 
                                                                        Tim Taft
Justice
 
Panel consists of Justices Taft, Hanks, and Higley.