Affirmed and Memorandum Opinion filed May 27, 2008








Affirmed and Memorandum Opinion filed May 27, 2008.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-07-00790-CV

____________

 

AIMAN BARBARAWI AND HUSAM BARBARAWI, Appellants

 

V.

 

ADNAN AHMAD, Appellee

 



 

On Appeal from the 113th
District Court

Harris County, Texas

Trial Court Cause No. 2004-15136

 



 

M E M O R A N D U M   O P I N I O N

Appellants,
Aiman Barbarawi and Husam Barbarawi, appeal from a judgment in favor of
appellee, Adnan Ahmad.  After a bench trial, judgment was rendered against
appellants in their breach of contract suit and in favor of appellee in the
amount of $33,000.00 for appellee=s tortious interference with
prospective contract and business disparagement counterclaims.  In six issues,
appellants challenge the trial court=s denial of a continuance and the
sufficiency of the evidence.  We affirm. 








BACKGROUND

Appellants
and appellee were co-owners of a restaurant, A & A Mediterranean Café,
Inc.  On June 24, 2003, appellants and appellee signed a contract entitled ABill of Sale and Sales Agreement@ (the AAgreement@), wherein appellants agreed to sell
their combined 67% interest in the restaurant to appellee for $50,000.00,
$25,000.00 payable immediately and $28,000.00 payable on or before October 10,
2003.[1]  Appellee
paid the initial $25,000.00, and appellants turned over their stock and the
premises.  

Thereafter,
appellants demanded the remaining $28,000.00, but appellee failed to tender
payment.  According to appellee, he did not pay the remaining $28,000.00
because appellants refused to remove their names from the company=s bank accounts and refused to turn
over all company assets.  Appellee also contends that appellants publicized
false and  disparaging remarks to current and prospective restaurant patrons in
an attempt to sabotage the restaurant=s sales.  Specifically, three
witnesses, including appellee, testified that appellants told individuals in
the Islamic community that the restaurant no longer served Halal meat.  Halal
meat is lamb or beef that is slaughtered in accordance with Islamic law, a
dietary requirement for most of the restaurant=s patrons.  Appellee claimed that the
restaurant=s sales dramatically dropped after appellants made the false and
disparaging remarks.  








Appellee
also testified that appellants interfered with his attempts to sell the
restaurant after appellee acquired their stock.  Appellee testified that a
prospective purchaser, Kalid Massoud, offered to purchase the restaurant for
$75,000.00, but rescinded his offer after appellants dissuaded him from
purchasing the restaurant.  Appellee testified that appellants told Massoud
that they were still the owners of the restaurant, that they had a judgment
against the business, that the landlord was going to transfer the lease into
appellants= names, and that they would be coming to the restaurant the following
week to close down the business.  Appellee eventually sold the restaurant to
Abraham Alhalies for $42,000.00, who also testified that appellants made
similar disparaging remarks while he was negotiating with appellee for the
purchase of the restaurant. 

Appellants
filed suit against appellee for breach of contract on March 26, 2004, and later
added fraud and breach of fiduciary duty claims.  Appellee counterclaimed for
tortious interference with prospective contract and business disparagement. 
The case was called to trial on May 29, 2007, and appellants requested a
continuance on the basis that they were without legal representation.  The
continuance was denied, and the case proceeded to a bench trial.  The trial
court rendered judgment against appellants on their breach of contract, fraud,
and breach of fiduciary duty claims, and in favor of appellee on his
counterclaim in the amount of $33,000.00.  Thereafter, appellants= motion for new trial was denied, and
they filed the instant appeal.  Appellants present the following issues: (1)
the trial court erred by denying appellants= motion for continuance; (2) the
trial court=s take-nothing judgment on their breach of contract claim is so against
the great weight and preponderance of the evidence as to be clearly wrong and
unjust; (3) the evidence is legally and factually insufficient to uphold the
trial court=s judgment in favor of appellee=s tortious interference with a
prospective contract claim; (4) the evidence is legally and factually
insufficient to uphold the trial court=s judgment in favor of appellee=s business disparagement claim; (5)
the trial court erred in denying appellants= motion for new trial because they
produced newly-discovered evidence that was material and would likely produce a
different result in a new trial; and (6) there is insufficient evidence to
support the damage award in favor of appellee.

STANDARDS
OF REVIEW








When
reviewing the legal sufficiency of the evidence, we review the evidence in the
light most favorable to the challenged finding and indulge every reasonable
inference that would support it.  City of Keller v. Wilson, 168 S.W.3d
802, 822 (Tex. 2005).  We credit favorable evidence if a reasonable fact-finder
could, and disregard contrary evidence if a reasonable fact-finder could not.  Id.
at 827.  There is Ano evidence,@ or the evidence is legally insufficient when (a) there is a
complete absence of evidence of a vital fact; (b) the court is barred by rules
of law or of evidence from giving weight to the only evidence offered to prove
a vital fact; (c) the evidence offered to prove a vital fact is no more than a
mere scintilla; or (d) the evidence conclusively establishes the opposite of
the vital fact.  Id. at 810-811.  

In a
factual sufficiency review, we consider all the evidence in the record, both
supporting and contrary to the finding.  Solutioneers Consulting, Ltd. v.
Gulf Greyhound Partners, Ltd., 237 S.W.3d 379, 384 (Tex. App.CHouston [14th Dist.] 2007, no pet). 
We may set aside a verdict only if it is so contrary to the overwhelming weight
and preponderance of the evidence that it is clearly wrong and manifestly
unjust.  Id.   Because this was a bench trial without findings of
fact and conclusions of law, all facts necessary to support the judgment and
supported by the evidence are implied.  Sixth RMA Partners, L.P. v. Sibley,
111 S.W.3d 46, 52 (Tex. 2003);  BMC Software Belg., N.V. v. Marchand, 83
S.W.3d 789, 795 (Tex. 2002).

MOTION FOR
CONTINUANCE








Appellants
first argue that the trial court erred by denying their motion to continue the
trial.  The granting or denying of a motion for continuance rests within the
sound discretion of the trial court.  State v. Crank, 666 S.W.2d 91, 94
(Tex. 1984).   We will not disturb a trial court=s ruling absent an abuse of
discretion.  Joe v. Two Thirty Nine Joint Venture, 145 S.W.3d 150, 161
(Tex. 2004); Hycarbex, Inc. v. Anglo-Suisse, Inc., 927 S.W.2d 103, 112
(Tex. App.CHouston [14th Dist.] 1996, no writ).  In deciding whether the trial court
abused its discretion, we review the entire record and determine whether the
trial court=s ruling was clearly arbitrary and unreasonable.  In re E.L.T., 93
S.W.3d 372, 374-75 (Tex. App.CHouston [14th Dist.] 2002, no pet.).  Appellants argue that
the trial court abused its discretion in denying their motion for continuance
because they were without counsel when the case was called for trial.  However,
absence of counsel alone is not good cause for a continuance.  Tex. R. Civ. P.
253; Gendebien v. Gendebien, 668 S.W.2d 905, 907 (Tex. App.CHouston [14th Dist.] 1984, no writ). 
In civil cases in which the absence of counsel has been urged as grounds for a
continuance, the movant is required to show that the failure to be represented
at trial was not due the party=s own fault or negligence.  Crank, 666 S.W.2d at 94. 
Appellants have failed to make this showing.

Upon
filing of this case, appellants were represented by Preston Goodwin.  Goodwin
withdrew as appellants= counsel in December 2005, citing appellants= failure to pay for legal services
rendered and failure to cooperate.  Appellants then retained Sandra Reyes, who
withdrew in April 2007.  Reyes also withdrew on the basis of appellants= failure to pay.  After Reyes
withdrew, appellants had more than a month before the trial setting to seek and
retain counsel, but appeared at trial without legal representation.  Though
appellants claim that they were diligent in seeking trial counsel and secured
the services of a third attorney prior to the May trial date, there is no
evidence in the record that they retained counsel after Reyes= withdrawal.  See Gendebien,
668 S.W.2d at 908 (finding no abuse of discretion where movant had one month=s notice of the trial date and failed
to engage a new attorney for trial).  Additionally, the case was called to
trial more than three years after appellants filed suit, and the trial setting
was continued at least seven times at the request of both parties.  Appellants
have failed to show that the absence of counsel was not due to their own fault
or negligence.  We hold that the trial court did not abuse its discretion by
denying appellants= motion for continuance.  We overrule appellants= first issue.

BREACH OF
CONTRACT








In
appellants= second issue, they contend that the trial court erred in rendering a
take-nothing judgment on their breach of contract claim against appellee.  To
recover in a breach of contract case, a plaintiff must prove: (1) the existence
of a valid contract; (2) he performed or tendered performance; (3) the
defendant breached the contract; and (4) the plaintiff was damaged as a result
of the defendant=s breach.  Mays v. Pierce, 203 S.W.3d 564, 575 (Tex.
App.CHouston [14th Dist.] 2006, pet.
denied).  Appellants= breach of contract claim rested exclusively on the testimony
of Aiman Barbarawi, who testified that appellants entered into a valid contract
with appellee for the purchase of the restaurant, and that appellee failed to
pay the remaining $28,000.00 owed under the Agreement.  Appellants offered no
evidence showing that they tendered full performance.  After appellants rested
their case on Aiman Barbarawi=s testimony, appellee presented evidence of appellants= failure to perform their contractual
obligations.  Appellee testified that appellants failed to: (1) resign from the
corporation; (2) remove their names from the corporate banking accounts; and
(3) turn over all corporate assets.  After reviewing this and other evidence in
the record, we hold that the trial court=s implied finding that appellants
breached the contract is not so against the overwhelming weight of the evidence
as to be clearly wrong and unjust.  We overrule appellants= second issue.

TORTIOUS
INTERFERENCE

In
appellants= third issue, they contend that the evidence is legally and factually
insufficient to uphold the trial court=s judgment in favor of appellee=s tortious interference with
prospective contract claim.  To prevail on a tortious interference with
prospective contract claim, a party must prove: (1) there was a reasonable
probability that the parties would have entered into a contractual
relationship; (2) the defendant committed an independent tortious or unlawful
act that prevented the relationship from occurring; (3) the defendant did such
act with a conscious desire to prevent the relationship from occurring or knew
that the interference was certain or substantially certain to occur as a result
of his conduct; and (4) the plaintiff suffered actual harm or damage as a
result of the defendant=s interference.  Brown v. Swett & Crawford of Tex.,
Inc., 178 S.W.3d 373, 381-82 (Tex. App.CHouston [1st Dist.] 2005, no pet.). 








In its
sufficiency argument, appellants challenge only the admissibility and
credibility of appellee=s trial testimony.  Because the record does not reflect an
objection by appellants, they have waived their hearsay challenge to appellee=s testimony.  Tex. R. App. P.
33.1(a)(1).  Furthermore, the credibility of appellee=s testimony and the weight to be
given therein is within the exclusive province of the fact-finder, not the
reviewing court.  Turner v. KTRK Television, Inc., 38 S.W.3d 103,
134 (Tex. 2000).  The appropriate vehicle to impugn credibility is argument,
not objection to testimony.  Nevertheless, the record contains sufficient
evidence from which a fact-finder could find that appellants tortiously
interfered with appellee=s prospective contract with Massoud.  Appellee testified that
he had accepted an offer of $75,000.00 from Massoud for the purchase of the
restaurant and had obtained the landlord=s consent to transfer the property=s lease into Massoud=s name.  Appellee further testified
that appellants willfully and intentionally interfered with his agreement by
making false and disparaging remarks to MassoudB misrepresenting that he had liens
and judgments against and ownership interest in the restaurantB to persuade Massoud to rescind his
offer with appellee.  Alhalies testified that appellants made similar
disparaging remarks while negotiating with appellee for the purchase of the
restaurant.  Appellee testified that appellants= disparaging remarks caused Massoud
to rescind his offer of $75,000.00, resulting in a lost profit of $33,000.00. 
Having applied the relevant standards of review, we hold that the evidence is
legally and factually sufficient to sustain the trial court=s judgment in favor of appellee=s tortious interference with
prospective contract claim.  We overrule appellants= third issue.[2]

MOTION FOR
NEW TRIAL








 In
appellants= fifth issue, they contend that the trial court erroneously denied their
motion for new trial based on newly-discovered evidence in the form of an
affidavit by Aiman Barbarawi.  The affidavit contends that after trial, Aiman Barbarawi
spoke with Massoud, who denied making the $75,000.00 offer to appellee and
denied ever speaking with appellants and being dissuaded to purchase the
restaurant.  We review a trial court=s denial of a motion for new trial
based on newly-discovered evidence under an abuse of discretion standard and
indulge every reasonable presumption in favor of the trial court=s refusal to grant a new trial.  Patriacca
v. Frost, 98 S.W.3d 303, 307 (Tex. App.CHouston [1st Dist.] 2003, no pet.). 
To obtain a new trial based on newly-discovered evidence, a party must show
that: (1) the evidence has come to light since trial; (2) it is not due to lack
of diligence that it was not produced sooner; (3) the new evidence is not
cumulative; and (4) the new evidence is so material that it would probably
produce a different result if a new trial were granted.  Margraves v. State,
56 S.W.3d 673, 685 (Tex. App.CHouston [14th Dist.] 2001, no pet).

Aiman
Barbarawi=s affidavit does not qualify as newly-discovered evidence because it
could have been obtained prior to trial had appellants used reasonable
diligence.  On January 20, 2006, appellee designated Massoud as a fact witness,
having personal knowledge of his rescinding the offer based on appellants= tortious acts.  Because appellee
identified Massoud as a witness a year before trial, appellants could have
easily obtained the affidavit prior to trial.  See Frost, 98 S.W.3d at
307 (stating that newly-discovered evidence is evidence that was not, and could
not have been, discovered using reasonable diligence). Because the evidence in
the affidavit could have been obtained earlier, it does not qualify as
newly-discovered evidence.  The trial court did not abuse its discretion by
denying the motion for new trial.  We overrule appellants= fifth issue.

COMPENSATORY
DAMAGES

In their
final issue, appellants challenge the damage award in favor of appellee. 
Rather than challenge the evidence itself, appellants insist that because
judgment should have been rendered in favor of their breach of contract claim,
the $33,000.00 damage award should be offset by $28,000.00, which is the
remaining amount owed under the Agreement.  Because we have found that the
trial court did not abuse its discretion in finding against appellants= breach of contract claim, appellants= damage complaint is without merit.  








In
support of his economic damages, appellee presented testimonial evidence
showing his lost profit.  Appellee testified that he suffered a total loss in
the amount of $33,000.00 for appellants= tortious interference with his
prospective contract with Massoud.  Appellee arrived at this figure by
subtracting $42,000.00, the amount for which he eventually sold the restaurant,
from $75,000.00, the amount offered by Massoud.  The fact-finder has the
discretion to award damages within the range of evidence presented at trial.  City
of Houston v. Harris County Outdoor Adver. Ass=n, 879 S.W.2d 322, 334-35 (Tex. App.CHouston [14th Dist.] 1994, writ
denied).  The damage award is an amount within the range of evidence presented
at trial; therefore, we conclude that there is sufficient evidence to support
the $33,000.00 damage award on appellee=s tortious interference with
prospective contract claim.  We overrule appellants= sixth issue.

            We
affirm the trial court=s judgment.

 

 

/s/        Adele Hedges

Chief Justice

 

 

Judgment rendered and Memorandum
Opinion filed May 27, 2008.

Panel consists of Chief Justice
Hedges and Justices Fowler and Boyce.                       









[1]  The $28,000.00 included $3,000.00 previously owed to
a Hiam Barbarawi.





[2]  Where the judgment rests on multiple theories of
recovery and one theory is valid, an appellate court need not address other
theories.  Checker Bag Co. v. Washington, 27 S.W.3d 625, 634 (Tex. App.CWaco 2000, pet. denied).  Accordingly, we need not
address appellants= challenge to the business disparagement claim
articulated in their fourth issue.